BUTLER v. DETROIT, YPSILANTI & ANN ARBOR RAILWAY.

1. TRIAL—EVIDENCE—INSTRUCTIONS—CURING ERROR.
   Error in the admission of testimony, if any, was cured by the court's instructing the jury to disregard it.

2. PERSONAL INJURIES—DAMAGES—INSTRUCTIONS.
   There being no evidence that plaintiff's injuries were permanent, it was error to refuse to instruct the jury accordingly.

3. TRIAL—INADVERTENT ERROR.

Failure to give a requested instruction is none the less preju-
dicial because inadvertent.

Error to Wayne; Donovan, J.   Submitted October 17,
1902.   (Docket No. 29.)   Decided November 11, 1902.

Case by Charles Butler against the Detroit, Ypsilanti &
Ann Arbor Railway for personal injuries.   From a judg-
ment for plaintiff, defendant brings error.   Reversed.

*T. T. Leete, Jr.* (*Paul B. Moody*, of counsel), for
appellant.

*Edward M. Vining* (*J. Emmet Sullivan*, of counsel),
for appellee.

MOORE, J.   September 16, 1900, plaintiff was riding on
the rear platform of one of defendant's cars.   Upon the
platform was one Miller.   It is the claim of the plaintiff that
Miller and the conductor got into an altercation, when the
conductor called the motorman to his aid, and that not only
Miller, but the plaintiff, was thrown off the car, and plain-
tiff received injuries for which this action was brought.
It was the claim of the defendant that it was Miller, and
not its employés, who pulled the plaintiff from the plat-
form.   The jury returned a verdict for $1,900.   A motion
was made for a new trial, which motion was overruled.
The case is brought here by writ of error.

Complaint is made of the admission of certain testimony.
If the testimony was inadmissible, the error was cured by
the court's instructing the jurors they were to disregard
the testimony objected to.

The judge was requested by defendant to charge,
" There is no evidence in this case that the injuries claimed
to have been received by the plaintiff are permanent."
He did not do so, and failed to call the attention of the
jury to that subject at all.   In disposing of the motion for
a new trial, the judge said:

" There is an inadvertence, possibly, in not precisely charging that there was no evidence of permanent injury. The permanent injury, if any, in this case, was left rather doubtful,—too doubtful, alone, on which to found a verdict. I had supposed that this point was clearly covered, and that the defendant road certainly had every element in the charge in their favor, to cover and include their theory perfectly and beyond question."

The fact that the omission was due to an inadvertence does not remedy the harm done. Under the facts disclosed by the record, the defendant was entitled to this request, especially if counsel made the argument to the jury upon that subject which it is alleged he made.

Objection is made to part of the charge bearing upon the question of how the jurors should arrive at their verdict. The language used was not very definite, and is open to the charge of being ambiguous; but, as for other reasons the case is to be reversed, we will not decide whether the language used was reversible error, as it will not be repeated.

The other assignments of error have been considered. They are either not well taken, or the action of which complaint is made is not likely to occur again.

The judgment is reversed, and a new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.