### MATTHEWS *v.* LAMBERTON.

1. EVIDENCE — ASSAULT AND BATTERY — TRESPASS VI ET ARMIS — HEARSAY.

   Testimony of the plaintiff, in an action for assault and battery, tending to show statements made to a justice of the peace after the alleged occurrence and after plaintiff had traveled a considerable distance from the place thereof, was incompetent and hearsay, and should have been struck out upon motion of the defendant.

2. DAMAGES—ASSAULT AND BATTERY—PROBABLE RESULT OF INJURY.

   Damages for personal injuries sustained as a result of an assault should be limited to such as are reasonably certain to result from the injury. The court should not permit the jury to award damages for such results as are only reasonably probable.

3. SAME—PERMANENT INJURIES — MEDICAL EXPERT — OPINION EVIDENCE.

   In an action for assault the court should have instructed the jury, as requested by the defendant, that there was no evidence of any permanent injury to the head of plaintiff, whose physician, who gave testimony in support of his claim, did not testify that the condition was such that a permanent injury to plaintiff's head or ears would be likely or reasonably certain to develop.

Error to Cass; Des Voignes, J. Submitted January 27, 1915. (Docket No. 48.) Decided March 17, 1915.

Case by William H. Matthews against Frank B. Lamberton for assault and battery. Judgment for plaintiff. Defendant brings error. Reversed.

*Coolidge & White,* for appellant.

*Wilber N. Burns (Carr & Eby,* of counsel), for appellee.

MOORE, J. This is an action of trespass for assault and battery. The defendant filed the plea of the general issue. The case was tried before a jury, which rendered a verdict in favor of the plaintiff for $1,000. The case is brought here by writ of error.

The case is anomalous in one respect. Certain written requests were offered on the part of the defendant which are marked as given. At the conclusion of the general charge the following appears in the record:

"The above and foregoing general charge of the circuit judge to the jury contained all of the instructions that were given to the jury by the court on the trial of this cause, and none of the defendant's requests to charge were given by the court to the jury, excepting such as are included in the foregoing general charge."

An examination of the general charge shows that some of the requests marked as given do not appear in it. This apparent confusion can easily be avoided. The case was evidently a hotly contested one, and, in the main was carefully tried.

After the alleged assault was committed, plaintiff traveled a considerable distance to the office of a justice of the peace. This justice of the peace was a witness, and was allowed to testify concerning plaintiff:

"*A.* He said he felt very bad and was; he looked

that, all right enough. He said he felt very bad, and he added something to that, but I simply have an impression as to what it was, but I am not sure about what that expression was."

The trial court directed that what was said about the impression of the witness should be stricken out, but allowed the rest to remain. We think this error. *Grand Rapids, etc., R. Co.* v. *Huntley,* 38 Mich. 537 (31 Am. Rep. 321).

In the general charge the court said:

"The plaintiff will be entitled to recover damages for the injuries suffered, for their natural consequences up to the time of the trial, together with such damages of a like character as would be and are reasonably probable to result from the nature and effect of the injuries received."

We think this was error. *Brininstool* v. *Railways Co.*, 157 Mich. 172 (121 N. W. 728) ; *Kethledge* v. *City of Petoskey,* 179 Mich. 301 (146 N. W. 164), and the cases therein cited.

The judge refused to give a request reading:

"There is no evidence in the case of any permanent injury to the head of the plaintiff, nor to any part of his head, from blows administered by the defendant."

The nearest approach to testimony of permanent injury to the head is found in the testimony of a doctor:

"*Q.* What do you say with reference to whether or not the injury which he received in and about his head, which you had occasion to examine there, whether or not that is permanent?

"*A.* Well, all cases of injury to the nerve centers, where there is a hyperæmic condition or congested condition, are apt to make after troubles. They may run for months or for years, and develop into some trouble traced back to injuries of the spine or brain or nerve centers.

"*Q.* Then the condition which he is suffering under, you say is liable to develop into—

"*A.* May develop into something at some time.

"*Q.* Now, with reference to his ear and the condition that you found his ear in at that time, as to whether or not that is permanent, or whether he will likely in the future have trouble with it?

"*A.* Well, these conditions of the ears may develop in permanent injury of the drum of the ear and prevent hearing—destroy hearing."

It will be observed the doctor did not even hazard an opinion that the injury to the head or ears was of a permanent character. We think the request should have been given. *Deneen* v. *Railway Co.*, 150 Mich. 235 (113 N. W. 1126, 13 Am. & Eng. Ann. Cas. 134) ; *Kethledge* v. *City of Petoskey*, 179 Mich. 301 (146 N. W. 164).

Without expressing an opinion as to whether it was reversible error, we suggest that, unless it is to be shown that he had something more to do with the trouble than is shown by this record, the testimony with reference to Mr. Sterner should be omitted upon the new trial.

For the reasons stated, the judgment is reversed, and a new trial granted.

BROOKE, C. J., and McALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.