JOZEFIAK v. DETROIT UNITED RAILWAY.

DAMAGES—TRIAL—REQUESTS—VERDICT.

 Where plaintiff secured a judgment for $1,000, which was not an unreasonable amount for personal injuries that she suffered in alighting from one of the cars of a street railway corporation, and, except in her pleading, there was no apparent claim of damages for permanent injuries, the court would not say, as a matter of law, that it was reversible error to refuse defendant's request to charge that there was no evidence of any injury for which damages could be awarded as for permanent injuries.

Error to Wayne; Van Zile, J. Submitted June 26, 1916. (Docket No. 134.) Decided September 27, 1916.

Case by Hedwig Jozefiak against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* and *Benjamin S. Pagel*, for appellant.

*Barbour, Field & Martin* (*Henry C. L. Forler*, of counsel), for appellee.

MOORE, J. The plaintiff was a passenger on one of defendant's cars, and was injured in alighting therefrom. It is her claim that when the car stopped she stepped from the car step to the pavement, and while so doing the car was started causing her to fall. Defendant claimed that plaintiff stepped from the car just before it came to a stop and while there was still enough motion to throw her off her balance. There was testimony to support each of these claims. The case was tried by a jury, and a verdict and judgment for $1,000 was obtained by the plaintiff. The case is brought here by writ of error.

The defendant preferred 15 written requests. Nearly all of them were given in the general charge. The fourteenth request read:

"There is no evidence in this case of any permanent injury. This suit is brought by the plaintiff for the injuries which she alone suffered, and if you should find for the plaintiff you shall allow only such damages as will compensate her for same, and you must not take into consideration any expenditures which may have been made by her husband in her behalf since the accident nor the time which it is testified the plaintiff's daughter has spent at home engaged in housework since the time of the alleged accident."

The court did not give this request as written, but charged the jury:

"Should you find for the plaintiff in this case, you are to assess the damages— The woman, the plaintiff

herself, is a married woman. She could not recover for the amount paid out for her sickness, or doctor's bills. All those things the husband is liable for, and the reason of that is that he may bring suit for that amount. If she were allowed to recover for those things, there might be a double recovery. She is entitled to recover for the pain and suffering that she may have endured, if you find that her injuries resulted from the negligence of the defendant in starting the car, in a case where she herself was not guilty of contributory negligence. She is entitled to recover for the pain and suffering that she may have endured because of the injuries that she received. Now, you are to get at that. There is not any particular rule that I can lay down except that rule that it is to be determined by your good, common sense. You cannot sit down and figure it out with a pencil exactly. You have got to look over the case and see what the proofs are, remember what the injuries are, remember what she has suffered, what she, in your judgment will suffer, and determine how much this plaintiff ought to recover, not what you would undertake to bear this pain and suffering for, or any other person, but what should this plaintiff recover, this individual plaintiff recover; that is the amount of your verdict if you find for the plaintiff."

There are several assignments of error. Only one of them needs discussion, and that is did the court err in leaving out the first sentence of the request to charge: "There is no evidence of any permanent injury." Counsel insist the court erred, citing *Butler* v. *Railway*, 131 Mich. 617 (92 N. W. 101), *Kethledge* v. *City of Petoskey*, 179 Mich. 301 (146 N. W. 164), and *Matthews* v. *Lamberton*, 184 Mich. 493 (151 N. W. 563). The instant case is distinguishable from those cases, as will appear by reading the opinions.

One of the doctors testified in part:

"She suffers a great deal of pain upon pressure and shows a degree of spasm upon motion of the leg, especially abduction. Besides that, she has a condition that upon pressure of the knee or pressing upon the knee or tapping upon the heel, when the leg is ex-

tended, she suffers a great deal of pain, showing evidence at every movement of the leg, and walking giving rise to pain.   She has also here-hypostatis joints, extremely sensitive to pain or touch.   There are some markedly objective symptoms.   *   *   *

"*Q.* What can you say about the continuation of this condition in your opinion?

"*A.* I think the condition— The continuation of traumatic neurosis always is very indefinite.   It is hard to say how long it will last, when it will get well. I don't think it is possible to make any definite statement in regard to traumatic neurosis.   The condition may last one year; it may last ten years.   In view of the fact that this accident happened in June, 1914, the condition that she is now in, I would say it would be a long lasting condition.   Any nervous condition, any shock to the nervous system, is always detrimental to the condition unless it improves in six months, usually tends downward.   I think it can be said that traumatic neurosis that does not recover in six months is a long tedious one.   I think the condition of her health will be delicate until she overcomes that.   At the present time she is in a very irritable condition; the nervous system is in an irritable condition; she tires easily; she has a great deal of reflex pain, headache in the back of her head, also around her heart; the pains radiate like to the seat of an injury; the mental condition is also one that is easily exhausted, showing shock that she evidently sustained."

Another doctor gave similar testimony.

The important question litigated was as to how the accident happened.   The jury evidently accepted plaintiff's version.   The charge was clear, and, with the exception of the omission of the sentence quoted, was unobjectionable.   It would have been well, as it was requested, to have told the jury that there was no evidence of permanent injury, but there is nothing in the record outside of the declaration to indicate that plaintiff was claiming for a permanent injury.   There was evidence that plaintiff's suffering was not at the time of the trial ended.

The plaintiff was 40 years old. The verdict was for $1,000. An examination of the record convinces us it would not have been less if the omitted sentence had been given.

Judgment is affirmed, with costs to plaintiff.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.