[Civil No. 2990. Filed January 26, 1931.]

[295 Pac. 780.]

A. H. COPPINGER and R. L. WALKER, Appellants, v. SIMONA BRODERICK and HARRY BRODERICK, Appellees.

Mr. Charles H. Young and Mr. Isaac Barth, for Appellants.

Messrs. Cox, Moore & DeCamp, for Appellees.

ROSS, J.—This is an appeal by A. H. Coppinger and R. L. Walker from a verdict and judgment against them in the sum of $4,000 in favor of Simona and Harry Broderick (wife and husband) for personal injuries to Simona alleged to have been caused by appellants driving an automobile truck into and against said Simona at the intersection of Henshaw Road and Third Street in Phoenix.

Complaint is made of the admission of evidence, of an instruction on the measure of damages, and of the size of the verdict and judgment.

The evidence which appellants say should not have been admitted was not objected to by them. The introduction of evidence is governed by well-established rules. Its admissibility, when questioned, is determined by the court. The court's ruling may be made the basis of an assignment of error. In the absence of any objection and ruling, there is no foundation for error. But the evidence of which complaint is made for the first time was in fact competent and relevant. It consisted of proof of Simona's age and life expectancy. The injuries sustained were of a permanent character, and in such case the age and life expectancy of the injured person are always competent, and relevant on the measure of damages. 17 C. J. 869, § 181, and 1036, § 331.

Evidence of future pain and suffering, it is said, was given, and this is assigned as error because there is no averment of future suffering. The place in the transcript where such evidence may be found is not given by appellants, nor do they show that, if such evidence was introduced, it was objected to or ruled upon by the court.

Complaint is made of the following instruction:

"And if you should arrive, or find, rather from a preponderance of the evidence that the defendant was guilty of negligence, and that his negligence was the proximate cause of the injury complained of, then it will be your duty to go further and assess the damages in this case and give to the plaintiff what will reasonably compensate her as disclosed by the evidence for the injuries sustained; and in arriving at that you will take into consideration the character of the injuries sustained by plaintiff, the pain and suffering which she has endured as a result thereof, if any, and the pain and suffering which she in all

probability may endure in the future, if any, taking into consideration her age and life expectancy.''

It is said that ''damages for pain and suffering which appellee in all probability might endure in the future'' are outside the issues, since the complaint contains no allegation of such damages, and are, also, ''too remote and speculative.'' Physical pain and suffering in consequence of a wrong occasioning an injury are proper elements of damage. No rule has been devised for measuring and compensating in money the injured party for such consequences. Concededly, the damages on that account should be fair and reasonable, free from sentimental or fanciful standards, and based upon the facts disclosed, such as the length of the suffering, the nature of the injuries, the age, health, habits and pursuit of the injured party; they must have a basis in the evidence actually submitted; they cannot be arrived at by conjecture or speculation. 17 C. J. 924, § 221. The apprehended future consequences of an injury, in other words, should be reasonably certain. They are seldom or never suspectible to anything like absolute accuracy of calculation. From their very nature, they must be measured by a rule more or less flexible. The injuries may be so serious as to indicate that the person injured will suffer pain the rest of his life, and yet the restorative processes of nature may in an unexpectedly short time heal the wounds. The injuries, on the contrary, may seem trivial, but progressively undermine the constitution of the injured person.

If there is submitted sufficient evidence to at all justify an instruction on future pain and suffering, the question of what shall be allowed on that account must be determined by the jury, not on certainties but probabilities. The rule, generally stated, is that the consequent suffering and pain must be reasonably

certain. 8 R. C. L. 544, § 94. But, we confess, when the peculiar duty imposed upon the jury is taken into account, reasonable certainty of pain and suffering in the future connotes to us about the same thing as "pain and suffering which she in all probability may endure in the future." Webster defines "probability" as "quality or state of being probable; appearance of reality or truth; reasonable ground of presumption; likelihood." Upon the precise point the court, in *King* v. *Neller*, 228 Mich. 15, 199 N. W. 674, 676, made this pronouncement:

"The words 'in all probability' are criticized, and it is said that only such future damages can be recovered as the evidence makes reasonably certain will necessarily result from the injury sustained, that there must be reasonable certainty of future consequences of the injury as distinguished from reasonable probability, citing *Matthews* v. *Lamberton,* 184 Mich. 493, 151 N. W. 563; *Brininstool* v. *Michigan United R. Co.,* 157 Mich. 172, 121 N. W. 728; *Kethledge* v. *City of Petoskey*, 179 Mich. 301, 146. N. W. 164. 'In all probability' means more than reasonable probability. It is equivalent to reasonable certainty. It describes the highest degree of probability. It has practically the same meaning as 'in all likelihood,' which has been held equivalent to reasonable certainty. *Ballard* v. *Kansas City,* 110 Mo. App. 391, 86 S. W. 479; 31 C. J. 363; 2 Words and Phrases, Second Series, p. 984."

After all, in its final analysis the rule is but a monition to the jury. The common sense, experience and conscience of the jury, if responsive, will guide it to the same end, whether it is told that it must be reasonably certain of future pain and suffering or satisfied that in all probability or likelihood future pain and suffering will ensue.

There are a number of courts that have held instructions similar to the one here to be good. In *Picino* v. *Utah-Apex Min. Co.,* 52 Utah 338, 173 Pac.

900, 902, the court discusses both rules, and comes to the conclusion that an instruction authorizing the jury to consider the pain and suffering that the plaintiff "will probably hereafter endure by reason and on account of said injury" was a good instruction. We quote from that case some of the court's reasoning:

"Even in attempting to determine the damages already sustained in cases of this kind, jurors, in the very nature of things, are confronted with more or less uncertainty. That which is most likely, or that which is probable in the light of all the evidence, is oftentimes the only practical guide. If a higher degree of certainty than this is required, it is manifest that great hardship and injustice will result in many cases. Of course, the probability here referred to should not be a mere conjectural probability, but one based on evidence. The jury, whose duty it is to ascertain and declare the truth from conflicting testimony, should accept that which is probably true as against that which is less probable. In doing so the juror keeps within the law applicable to civil cases. He should accept that which he believes to be true, notwithstanding it may be more or less uncertain."

No allegation in the complaint of pain and suffering was necessary to the admission of evidence thereof, since the character of the wounds shows that the natural consequences would be pain and suffering. *United Verde Copper Co.* v. *Wiley,* 20 Ariz. 525, 183 Pac. 737; *Littledike* v. *Wood,* 69 Utah 323, 255 Pac. 172.

Complaint is made of the size of the verdict. It is said the averments of the complaint and the proof show plaintiff suffered only contusions, that no bones were broken or fractured and that, therefore, the damages are excessive. The complaint alleges contusions in the right frontal region of the head, of the right shoulder, and of both legs and thighs, and bad bruises of the entire body of plaintiff. The proof was that plaintiff was run into and knocked

down by a two-ton Graham truck, with a 4,500-pound load, driven by defendant Walker. The speed of the truck is not definitely shown, but the fact that the driver did not or could not stop for a distance of 75 or 100 feet as he stated, and 150 to 300 feet as stated by other witnesses, indicates that it was going pretty fast. The impact and the shock therefrom were such that plaintiff was knocked senseless and remained in that condition for three days thereafter. At the trial, four months after the injuries, plaintiff testified that she was not able to do her usual work as housekeeper; that her right arm and shoulder and right leg did not function as they had before she was hurt; that she could not handle them so well, and that they pained her; and that she suffered pain in her head and eyes.

Two physicians who examined her a few days before the trial testified, in substance, that they found a large scar, with an ulcer in the center of it, on the upper part of plaintiff's right leg; a condition of partial paralysis of the right arm and shoulder; that her reflexes were exaggerated; and that her general condition was what is termed traumatic neurasthenia. They also said she would probably suffer more or less throughout her life.

The plaintiff's general health was very good before the injury.

From this evidence we do not feel that the jury's verdict was excessive. The blow that she received was a severe one, and the wonder is that she was not more seriously hurt. That her general health was affected and that she will probably suffer throughout her life as a result of the blow and shock seems evident.

No error appearing, the judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.