311 P.2d 840

Harlan J. JOST, Appellant,

v.

R. R. ROSS and Katherine D. Ross, his
wife, Appellees.

No. 6202.

Supreme Court of Arizona.

May 14, 1957.

246

Byrne & Byrne, Prescott, for appellant.

Locklear & Wolfinger, Prescott, for appellees.

PHELPS, Justice.

Harlan J. Jost, hereinafter called defendant, prosecutes this appeal from a judgment rendered against him in the sum of $2,500, in favor of R. R. Ross, hereinafter called plaintiff, and Katherine D. Ross, his wife, as and for injuries claimed to have been suffered by plaintiff as the result of an alleged assault and battery made upon him by defendant.

As we view the record in this case no purpose can be served by a further statement of facts and, we shall therefore proceed to the disposition of the issues presented on appeal.

Counsel for defendant assigns as error the giving of plaintiff's requested instructions numbered 1 and 2. The specific portions of said instructions to which defendant objects are, in substance that, *if it found from the evidence* that defendant assaulted the plaintiff and thereby injured him that, the jury should return a verdict for the plaintiff. It is defendant's position that the court erred in not instructing the jury in each instance requiring it to *"find from a preponderance of the evidence"* that such assault was made, etc. We believe it to be a much better practice, particularly in instructions submitting to the jury an ultimate fact upon which the plaintiff's case must stand or fall, for the court to specifically incorporate therein that its finding must be *"from a preponderance of the evidence."* However, it has been the rule of long standing in this jurisdiction that

"* * * instructions must be considered as a whole, and that a case will not be reversed when the alleged error is predicated on an isolated part of the instructions, unless it appears that the questioned instruction, when considered in connection with all the instructions in the case, was calculated to mislead the jury as to the law."

Southern Arizona F. Lines v. Jackson, 48 Ariz. 509, 63 P.2d 193; City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609

■ We have carefully studied the instructions given by the trial court in this case and we do not hesitate to state that, as a whole, they correctly state the law of the case. The court in its instructions numbered 17 and 18 thoroughly covered the question relating to the burden of proof. They stated upon whom the burden of proof rested. They properly defined the term "preponderance of the evidence" and what the jury must do in the event the evidence in its judgment was evenly balanced. It is therefore our view ꞌthat instructions numbered 1 and 2 offered by defendant and given by the court, when considered with all the other instructions given by it, were not calculated to mislead the jury. Neither did the refusal of the court to give plaintiff's requested instruction number 6, relating to assault and battery, constitute error. The court defined assault and battery in the language of the statute and fully instructed the jury in language that was clear and concise, what defendant's legal rights were, in the event the jury found from the evidence that he was first assaulted by plaintiff. Therefore, there is no merit to plaintiff's second assignment of error.

■■ Defendant next complains that the court erred in permitting, over his objection, testimony by defendant on cross-examination relative to previous alleged fights or altercations between defendant and persons other than plaintiff. The record discloses only one objection was made by defendant to this line of testimony. We quote:

"Q. You had a fist fight with Douglas Shank?

"A. Mr. Byrne. I object, your Honor, unless the time and place is shown."

It will be observed that this objection did not go to the ultimate admissibility of the evidence sought to be elicited but, was directed solely at a preliminary technicality. No further objections were interposed. We cannot consider alleged error in the admissibility of evidence unless proper objections were interposed in the trial court. Cooper v. Francis, 36 Ariz. 273, 285 P. 271; Coppinger v. Broderick, 37 Ariz. 473, 295 P. 780, 81 A.L.R. 419; Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262.

■ The fourth assignment of error is based upon the ground that the verdict of $2,500 against defendant was the result of passion and prejudice in the minds of the jury against defendant. We have examined the evidence relative to the injuries claimed to have been sustained by plaintiff, as a result of his encounter with defendant, and are of the view that if plaintiff was entitled to recover damages at all, the jury

248

was justified, under the evidence, in awarding the amount it did.

In an amendment to the defendant's motion for a new trial he incorporated therein the charge that, plaintiff was guilty of misconduct in his cross-examination of defendant by asking specific questions of him as to whether he had previously engaged in argument, altercations or fights with others and insinuated by such questions that defendant was the aggressor; was a bullying type of person and, that these questions and insinuations were for the sole purpose of inflaming the minds of the jury. The court nevertheless, denied the motion and amended motion for a new trial. Counsel for plaintiff has argued at length concerning the duties and limitations of a trial court in the disposition of a motion for a new trial and urges that the trial court should have granted a new trial in the instant case, citing a number of cases, which appear to correctly state the law. But, the difficulty confronting us is that, counsel has not assigned as error the fact that the trial court denied plaintiff's motion for a new trial. We are therefore, without power to consider the question.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur: