436 P.2d 610

Richard S. BRECHEISEN and Harold E. Hirsch, dba Cactus Lumber and Supply, a co-partnership, and also dba Cactus Truss-O-Matic, a co-partnership, Appellants,

v.

Philip T. PARIS and Lois M. Paris, husband and wife et al., Appellees.

No. 8621.

Supreme Court of Arizona.

In Division.

Jan. 25, 1968.

Rehearing Denied Feb. 27, 1968.

———◆———

Carson, Messinger, Elliott, Laughlin & Ragan, Phoenix, for appellants.

Cox & Cox, Phoenix, for appellees.

UDALL, Vice Chief Justice:

This action arose in the Superior Court, Maricopa County on a complaint by First Federal Savings and Loan Association of Phoenix for the foreclosure of its alleged first mortgage lien against the subject property. The appellants Richard Brecheisen and Harold Hirsch, dba Cactus Lumber and Supply and dba Cactus Truss-O-Matic, were materialmen's lien claimants

who counterclaimed and crossclaimed in this action seeking to foreclose their liens against the subject property. The First Federal mortgage was, during the pendency of this action, assigned to the Parises and then to Exploration & Development Company which appeared and dismissed the foreclosure action. Appellants Brecheisen and Hirsch, together with Capitol Products Corp. and San Xavier Materials, Inc., prosecuted the action for the foreclosure of the materialmen's liens claimed by them, against the subject property, and Mr. and Mrs. Walker, as holders of the beneficial title to such land, Mr. and Mrs. Paris, as holders of the legal title and reversionary interest in the beneficial title to the land in question, and First Federal by reason of its claimed mortgage lien priority.

The Superior Court determined in part that the mortgage of Exploration was prior to the respective liens, that the interest of the Walkers was subject to the liens, but that the interest of the Parises was not subject to such liens, and that as of February 4, 1963 the Walkers owned no interest in the subject property—said interest having been forfeited. From the judgment, findings of fact and conclusions of law made in connection therewith, the appellants have prosecuted this appeal.

The facts pertinent to the consideration of this matter are as follows: The Parises and Walkers executed escrow instructions to Phoenix Title and Trust where the Parises agreed to sell the involved realty to the Walkers. It was further agreed that the Parises' interest would be subordinated to a first mortgage to be obtained by Walkers. The evidence shows that pursuant to such instruction arrangement the following instruments were executed and delivered to the escrow agent: a warranty deed from the Parises to the Walkers, a mortgage from Walker to First Federal, a warranty deed from the Walkers to Parises and the agreement of sale between the Parises as vendors and the Walkers as vendees. These instruments were recorded by the escrow agent on July 18, 1963.

Thereafter appellants furnished building material to the involved property at the request of the buyer's contractor, Norcraft Phoenix Buildings, Inc., for use in building a residence thereon. The appellants then filed their notices and claims of lien in the office of the Maricopa County Recorder before the expiration of 30 days after the completion of the residence and caused them to be timely served upon the Walkers and Norcraft Phoenix Builders, Inc.

First Federal began this action in November of 1962 to foreclose its mortgage. On February 4, 1963 the Parises caused a notice of election and declaration of forfeiture to issue. That said notice was served has been stipulated to, however no date for such service was established at trial. Then on February 20, 1963 a quitclaim deed from the Walkers to the Parises was recorded.

The basis of appellants' contention is that, there being no date proven for the deposit of the forfeiture notice in the mail and said forfeiture by the terms of the escrow instructions and the notice itself becoming effective only after the expiration of ten days from the deposit—that no forfeiture can be found to have occurred prior to the transfer by quitclaim.

Appellees contend however that the quitclaim deed was merely a device employed to show the forfeiture which otherwise would not appear of record. Appellees also argue that to avoid the necessity of calling an officer of the escrow agent to testify —that he had served the notice of election and declaration of forfeiture on February 6, 1963 on Walker and the appellants—the parties had stipulated to the service. Thus appellees would have this Court conclude that a forfeiture of the buyer's interest occurred and that thereby any claims which would have attached to the buyers' interest were also extinguished.

Were this Court to find a valid forfeiture the materialmen's liens would indeed have been lost. On the other hand if the quitclaim deed from the Walkers took effect prior to the buyers' loss through forfeiture,

the buyers would then have conveyed such title as they held subject to whatever burdens that had attached to their interest.

■ The lower court determined that the buyers' interest was forfeited on or about February 4, 1963—the date recited on the forfeiture declaration. But the document as the court stated in its findings of fact was not served until February 6, 1963. We must conclude that since the escrow instructions and the notice of forfeiture each provided for the forfeiture to become effective ten days after the deposit of such notice in the mail, that the expiration of the ten day period was a requisite to the effectiveness of such forfeiture. Therefore we cannot agree with the lower court's conclusion that the forfeiture was taken on February 4, 1963. If however the finding that such notice was served on February 6, 1963 can be sustained, since the grace period would have run making such forfeiture effective prior to the date of the quitclaim, then the lower court determination that the forfeiture of the buyers' interest occurred thereby extinguishing the materialmen's claim would be correct. Then the quitclaim deed would only have served the purpose of showing the title reversion which otherwise would not appear of record.

■ It appears that prior to trial the Parises filed a motion for summary judgment to which an affidavit from an officer of the escrow agent was attached. The affidavit stated that the affiant had served the involved parties with the forfeiture notice on February 6, 1963. When the parties came to trial however no offer of proof as to the date of service was given. Such proof appears to have been omitted because of an agreement between the parties to stipulate, first to the fact that appellants had served copies of their notices of liens, and second, that notice and election of forfeiture had been served on the Walkers and the appellants. Throughout the trial, counsel were at odds as to the applicability of liens, sufficiency of evidence of delivery, placement of liability for the construction material and legal effect of the involved instruments, but no issue was made as to the date of the service of the notice of forfeiture. Under such circumstances, the trial court was justified in receiving the stipulated service of forfeiture notice as agreement from the appellants that they had been served on February 6, 1963, as the Parises contended.

■ That we must accept the trial court's finding that service of notice of forfeiture was made on February 6, 1963, is supported by the further fact that appellants did not take exception to the court's finding of fact on this point. We must, therefore, accept it as correct and consider any defect as waived. Burnside v. Douglas School Dist. No. 27, 33 Ariz. 1, 261 P. 629 (1927); Johnson v. Douglas School Dist. No. 27, 33 Ariz. 12, 261 P. 633 (1927); Pacific Fruit Exp. Co. v. Industrial Comm., 32 Ariz. 299, 258 P. 253, 55 A.L.R. 975 (1927); County of Pinal v. Heiner, 24 Ariz. 346, 209 P. 714 (1922). See also Robinson v. Lintz, 101 Ariz. 448, 420 P.2d 923 (1966); Jost v. Ross, 82 Ariz. 245, 311 P.2d 840 (1957); First National Bank of Arizona v. Otis Elevator Co., 2 Ariz.App. 80, 406 P.2d 430 (1965).

■ Having thus determined, we are led to the conclusion that the forfeiture was effective in extinguishing not only the rights of the buyers but also the claims which had attached to the buyers' interest. The claims which the lower court found existed against the interest of the buyers' were lost and by virtue of the constructive notice of the respective interests of the parties the appellants have no cause to complain of the extinguishing of their liens with the forfeiture of the buyers' interest.

The judgment of the Superior Court is affirmed.

McFARLAND, C. J., and STRUCK-MEYER, J., concur.