339 P.2d 393

Fred F. HOGE, Appellant,

v.

SOUTHERN PACIFIC COMPANY, a corporation, Appellee.

No. 6473.

Supreme Court of Arizona.

May 20, 1959.

Rehearing Denied June 9, 1959.

Wright, Goddard & Barry, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair, H. C. Warnock, Wilbert E. Dolph, Jr., and B. G. Thompson, Jr., Tucson, for appellee.

BERNSTEIN, Justice.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in which the jury returned a verdict for defendant-appellee.

Appellant was an electrician employed by the defendant railroad at its roundhouse in Tucson. While checking the electrical equipment of a locomotive, and for that purpose perched on top of the boiler where the generator was located just forward of the cab, he slipped and fell. He claimed that the presence of dust and grit and grime on the engine jacket caused his fall, that the whistle rod which he grasped to stop his slipping was loose and that, in general, the railroad was negligent in failing to provide him with a safe place to work.

The appeal is based on objection to the following instruction delivered by the trial court and denominated Defendant's Instruction No. 6:

"You are instructed that if Fred F. Hoge was experienced in and familiar

with the work he was doing and knew and appreciated normal risks and hazards which attend it, including chance of injury from falling from a locomotive engine, defendant Southern Pacific Company was not required to take steps to protect him against such of those risks and hazards as did not result from its negligence, which were normal and customary risks and hazards of the employment, which were known to, and appreciated by him, and which he, himself, could have avoided by exercising reasonable care for his own safety."

That instruction, appellant argues, is contrary to the 1939 amendment to the FELA, 45 U.S.C.A. § 54, providing in pertinent part that the employee "shall not be held to have assumed the risks of his employment in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of (the) carrier * * *," as interpreted in the leading case of Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. Without commending the instruction for future use, we think that, in the context of all the instructions, the injunction of the statute was not violated and that the judgment should be affirmed.

■ The import of the 1939 amendment as read by the majority in the Tiller case, in which a directed verdict for the defendant was reversed, was that, as the Court said in

Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 507–508, 77 S.Ct. 443, 449, 1 L.Ed.2d 493, citing the Tiller case, " * * * The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. * * *" Accordingly, we recognize the necessity of scrupulously avoiding in these cases based on federal law any vestigial influence of abrogated common-law defenses, and, in particular, of scrutinizing familiar language in charges to juries so as to avoid any suggestion of those discarded defenses.

■ Here, the challenged instruction may be superficially read to suggest some of the flavor of assumption of risk, particularly since it begins with a reference to those "risks" which were familiar to the plaintiff. It also would seem subject to some criticism in saying that the railroad "was not required to take steps to protect him (plaintiff) against such of those risks and hazards as did not result from its negligence * * *"; the railroad was required to exercise due precaution to guard against injury resulting from any foreseeable risk, however the risk arose. See the quoted passage from 2 Harper and James, The Law of Torts section 20.2, p. 1113, cited approvingly in Allan v. Oceanside Lumber Co., Or., 328 P.2d 327, 334; cf. Williams v. Atlantic Coast Line R.

Co., 5 Cir., 190 F.2d 744. As we have said, it is preferable in these cases to say to the jury only that defendant is liable if it failed to exercise due care in the circumstances and if any such failure played any part in causing the injury.

Nevertheless, upon analysis, it is plain that the purport of what the court said was that: the defendant was not liable if the injury resulted, not from its negligence, but from a happening in circumstances which it could not avoid in the operation of its business, if (a) the employee knew and appreciated those circumstances, and (b) they were not so dangerous that the employee could not, by exercising reasonable care for his own safety, avoid the injury. That that was the significant meaning of the instruction may be seen from other instructions given at plaintiff's request, some of which deserve quotation as illustrative of the point here made:

"If you find that the defendant failed to provide the plaintiff with a reasonably safe place to work, and that such failure was the proximate case (sic) of the injuries sustained by the plaintiff, then I charge you that whether or not the plaintiff knew of the unsafe nature of the place or of the dangers existing thereat, if any, is immaterial, and he would be entitled to recover a judgment against the defendant for his damages.

\* \* \* \* \* \*

"You are instructed that at the time of the accident in this case, the Southern Pacific Company, as the employer of the plaintiff Fred Hoge, owed him a duty to furnish him with a reasonably safe place to perform his work, to provide him with safe equipment upon which and with which to work. Therefore, if you find from the evidence in this case that the Southern Pacific Company failed to provide the plaintiff with a reasonably safe place to work or failed to provide him with safe working conditions, or failed to provide him with safe equipment upon which and with which to perform his work, and you further find that such failure by the Southern Pacific Company was a proximate cause of the injuries sustained by the plaintiff, it will be your duty to render a verdict in favor of the plaintiff and against the defendant for damages in accordance with the instructions that the Court will give you relating to the amount of such damages.

"You are instructed that in undertaking to perform his regular work and in performing it, plaintiff Fred Hoge, as an employee of the Southern Pacific Company, had the right to assume that the Southern Pacific Company had exercised reasonable care to provide him with a safe place to work, with safe working conditions, and with safe equipment, and he also had the right to rely and act on that assumption.

"You are instructed that a continuous duty exists on the part of the carrier such as the defendant in this case to use ordinary care in furnishing its employees with a reasonably safe place in which to work. The amount of caution required by that duty varies in direct proportion to the dangers known to be involved in the work.

"To put the matter in another way, the amount of prudence required of a railroad company in the exercise of ordinary care to furnish its employees a reasonably safe place within which to work increases or decreases as do the dangers known to exist, or that reasonably should be apprehended."

Reading the instructions in their entirety, the challenged instruction, it is plain, was proposed by defendant as part of a set to counterbalance, the emphasis gained from the instructions proposed by plaintiff and the court evidently accepted the defendant's instructions to provide such balance. Thus, understood in the context of the whole charge—as it must be, see City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609—the instruction here reviewed, we think, did not mislead the jury, or infect the verdict rendered with prejudicial error, contrary to the statute cited.

The judgment is affirmed.

PHELPS, C. J., and STRUCKMEYER, UDALL and JOHNSON, JJ., concur.