206 P.2d 558

**REAH v. JUPIN et al.**

No. 5116.

Supreme Court of Arizona.

May 23, 1949.

336

Paul M. Roca, of Phoenix, for appellant.

Hays & Webster, of Phoenix, for appellees.

UDALL, Superior Judge.

In this case Myrtle Marion Jupin sued A. J. Reah to recover damages for personal injuries received by the plaintiff as a result of an alleged assault and battery inflicted on her by the defendant. A trial before a jury, resulted in a verdict giving plaintiff judgment for compensatory and punitive damages from which defendant appeals.

It is alleged in the complaint that the "defendant, without provocation or cause, did, maliciously and with the intention of striking and doing physical harm to the plaintiff, Myrtle Marion Jupin, and with the further intention of aggravating a physical and nervous condition of the said plaintiff, which said condition was known to the defendant, assault and strike said plaintiff with bodily blows: specifically, that the said defendant knocked the padlock off its hinge and shoved and pushed the plaintiff, Myrtle Marion Jupin, against the door to force it open and gain an entry into said cabin: that thereafter the said defendant did violently kick the said plaintiff on her knee; that he grabbed and twisted her right arm just below the shoulder, knowing that said plaintiff was suffering from a subdeltoid bursitis in the said region, and hurled the said plaintiff against said door, causing her great physical pain and suffering, anguish and shock; * * * ." The complaint concluded with a prayer for both compensatory and punitive damages. The defendant answered by general denial and demanded strict proof.

By the first assignment of error defendant complains of the action of the trial court in instructing the jury on the issue of punitive damages and in support of his complaint alleges that the evidence was wholly insufficient to permit any issue of punitive damages to go to the jury.

There is no question under our law but that malice is a basis for punitive damages in an action for assault and battery. Malice may be express or it may be inferred or implied from the nature of the acts complained of and the surrounding

circumstances. Let us examine the record to determine if sufficient facts were adduced in evidence to justify the trial court in instructing the jury on the question of punitive damages. The plaintiff testified that the defendant "give my hand a shove and knocked the lock from the hasp and forced me through the door. * * * My little dog started out from under the bed, and he (defendant) said, 'I'll get her now.' He made a grab for the dog and caught my leg. Then he kicked my left leg and hurled me against the door with my right arm." On the same subject Dale Edward Smith, one of plaintiff's witnesses, testified as follows: "Then he (defendant) pushed Aunty (plaintiff) in and she went up further into the cabin, and he seen the dog and he swung at the dog and he missed and hit Aunty's leg.

"Q. Did anything else happen? A. Then he kicked her and grabbed her by the right arm and threw her against the door."

While it is true the defendant denied that he knocked the lock off the door; that he shoved plaintiff into the cabin; that he struck her on the leg or threw her against the door jamb, yet where there is a conflict in the evidence, as in this case, it is not the duty of the trial judge to determine which of the witnesses are telling the truth. That is the province of the jury. However, it is the court's responsibility to instruct the jury on all phases of the law applicable to various fact situations developed during the course of the trial, and the court in the instant case apparently believed there was sufficient evidence adduced on the question of punitive damages for this issue to go to the jury.

The authorities generally hold that to justify exemplary damages for an assault, actual malice need not be expressly proved. 4 Am.Jur., Assault and Battery, sec. 188; Bannister v. Mitchell, 127 Va. 578, 104 S.E. 800, 16 A.L.R. 768; Note 16 A.L.R. 808. Also, as a general rule, exemplary or punitive damages may be allowed for an assault and battery committed wantonly, maliciously, or under circumstances of aggravation. 4 Am.Jur., Assault and Battery, sec. 187; Berkner v. Dannenberg, 116 Ga. 954, 43 S.E. 463, 60 L.R.A. 559.

In the case of Willet v. Johnson, 13 Okl. 563, 76 P. 174, with a fact situation somewhat similar to the case at bar, the court held that the submission to the jury of the question of punitive damages by the lower court was proper where the plaintiff, a woman in delicate health, was caught by the wrists and jerked from the door to the ground, the distance being two steps of about eight inches each, when she refused to allow defendant to enter the house.

Using the above law as a yardstick to judge the facts of the case at bar, we are compelled to say that certain portions of the evidence show malice and wantonness on the part of the defendant and we therefore hold that the trial court did

not err in submitting the issue of punitive damages to the jury.

█ The defendant alleges in his second assignment of error that the court erred in repeating and thereby emphasizing the issue of punitive damages in instructing the jury. The defendant states the general rule correctly in his argument on excessive emphasis that unnecessary repetition of an instruction will constitute reversible error if a party is thereby prejudiced. In analyzing the assignment made in this connection it is proper to note the instructions in question. Plaintiff's requested instruction No. 8 given by the court reads:

"You are instructed that if you find from a preponderance of the evidence that the defendant committed an assault and battery upon the plaintiff, plaintiff is entitled to recover compensatory damages, if such she sustained, as a direct and proximate result of such acts.

"If you further find by a preponderance of the evidence that there was malice, oppression, or wanton or wilful misconduct on the part of the defendant in the commission of an assault and battery, if any, you may then award punitive damages against the defendant by way of punishment."

Immediately thereafter the court gave the following charge or instruction:

"Now, on this question of punitive damages, as I have stated, you can only award those damages if you find actual damages, under the instructions I have given you and will give you. You may, you do not have to, but if you do not find any actual damages you cannot assess punitive damages. In assessing exemplary or punitive damages, if any, the jury must take into consideration the nature and extent of the wrong charged, if the same has been proved by a preponderance of the evidence, and must consider all the circumstances attending the particular transaction involved, including any mitigating circumstances which may operate to reduce, without wholly defeating such exemplary or punitive damage.

"You have the right to consider the present financial ability of the defendant to respond to punitive or exemplary damages, if any, as shown by the evidence. The jury, in measuring such exemplary or punitive damages, if any, should not consider solely the defendant's ability to pay, but rather what the plaintiff should receive, if anything, as punitive or exemplary damages under all the circumstances of the particular transaction charged herein, if proved by a preponderance of the evidence."

Then the court gave a portion of defendant's requested instruction No. 4 in the following words:

"In case you should find for the plaintiffs, and are therefore called upon to assess damages, you may include no sum as punitive or exemplary damages, or by way

of punishment, but you are authorized only to include such sum as a preponderance of the evidence shows to be actually compensatory for the injuries, if any, both physical and mental, which were the direct result of the—"

At this juncture in the proceedings the court instructed the jury to disregard instruction No. 4 stating: "I gave an erroneous instruction. I will have to cancel that. You will disregard that instruction that I just read to you, in case you should find for the plaintiff, and are therefore called upon to assess damages, you may include no sum as punitive or exemplary damages, and down to where I stopped. Disregard that. I am submitting to you both the question of compensatory and actual damages. That was an erroneous instruction on the part of the court." Finally, on the question of punitive damages the trial judge gave defendant's requested instruction styled as alternate No. 4:

"This is the instruction I should have given you. What I have been discussing related to actual, or compensatory damages. There is another kind of damages called punitive damages, which may at the discretion of the jury be awarded, if you should find from a preponderance of the evidence, not only that the defendant committed an intentional battery upon the plaintiff, Myrtle Marion Jupin, but also that the defendant was actuated by malice. Punitive damages can be awarded in an assault and battery case only in case the defendant is guilty of a reckless, wanton or vindictive assault; or in other words, punitive damages may be awarded only when the defendant has committed a malicious assault. In the absence of such malice, indicating the assault was committed because of ill will or hatred, you cannot award punitive damages. And even though you find such ill will present on the part of the defendant, you are not obliged to award punitive damages."

And this final instruction was followed by the court again admonishing the jury to disregard his instruction on the jury's right to pass upon punitive damages: "The instruction I gave you before took away from you the right to pass upon punitive damages. As I said before, disregard it, and rely on this last instruction I gave you, because I am submitting to you the question of both compensatory damages and punitive, or exemplary damages."

■■■ While it is not good practice to repeat the same subject matter in several instructions after having once covered such points, the universal rule is that repetitious instructions do not constitute reversible error unless it reasonably appears that the jury were misled. Chicago I. & L. Ry. Co. v. Stierwalt, 87 Ind.App. 478, 153 N.E. 807; 53 Am.Jur., Trial, sec. 559. In passing, it should be noted that the defendant does not take exception to the form of the instructions on grounds other than overemphasis and repetition. An examination of

instruction No. 8 reveals that the court instructed the jury that they "may" award punitive damages against the defendant if they found by a preponderance of the evidence that there was malice, or wanton, or wilful misconduct on his part. In the next instruction designated by us as a "charge or instruction", the court in different words repeated a portion of No. 8 and further said: " * * * if you do not find any actual damages you cannot assess punitive damages. * * *" In the instruction captioned alternate No. 4, which was requested by defendant, the court for the first time informed the jury that it was discretionary with them, if they found by a preponderance of the evidence that there was malice, to award punitive damages by saying: " * * * and even though you find such ill will present on the part of the defendant, you are not obliged to award punitive damages." Portions of these three instructions are repetitious. However, each in order gave a correct new phase of the law to the jury with respect to assessing punitive damages which incidentally was more favorable to the defendant than to the plaintiff. The defendant was partially responsible for the overemphasis of instructions on punitive damages complained of as he requested alternate instruction No. 4 to be given which brought out elements of the law on this subject in his favor, and therefore he should not be heard to complain about the court giving his own instruction.

It is not reversible error for the court to give more than one instruction in different words covering the same question. In the case of Cameron v. Union Trunk Line, 10 Wash. 507, 39 P. 128, 129, the court gave twenty-eight instructions to the jury, five of which were directly on the question of whether plaintiff was guilty of contributory negligence. In affirming the lower court, the appellate court made certain observations regarding the law which are applicable to the case at bar when it said:

" * * * The vice of the charge, if any, was rather in giving the same thing over and over again, in varied forms, at the request of both parties, to the almost certain danger of confusing the jury. It is next to impossible, in the case of a charge of this kind, to pick out a paragraph and pronounce it reversible error, since in so many other paragraphs the error may be said to have been cured. On the whole, we cannot say that a jury of fairly intelligent men would be likely to mistake the real issues to be submitted to them in this case."

In the case of Alaska S. S. Co. v. Pacific Coast Gypsum Co., 78 Wash. 247, 138 P. 875, a more recent case coming from the state of Washington, the appellant contended that the forty instructions given to the jury were unnecessarily long and repititious and hence were grounds for reversible error. However, the court, in that case, held that the instructions were not confus-

ing or misleading and that the repeated statements of the same rule of law, couched in somewhat different language, did not emphasize any phase of the law to the prejudice of the appellant.

In connection with the second assignment of error, the defendant further contends that the court erred in giving defendant's instruction No. 4 and then withdrawing it in that such action emphasized the issue of punitive and exemplary damages. The defendant's complaint in this regard is untenable as it is a very common occurrence for a trial court to instruct the jury to disregard a statement, a ruling and even an instruction as not being founded on the law and the evidence, and a mistake of this kind and the error committed thereby are ordinarily cured by a subsequent charge to the jury to disregard it as being erroneous and not applicable to the case on trial. Commenting on the court's right to correct an erroneous instruction by explaining the error in language that the jury is given to understand what the error is, the Supreme Court of Oklahoma in the case of Schaff v. Daugherty, 112 Okl. 124, 239 P. 922, 927, had this to say:

" * * * The jury is presumed to be made up of men of ordinary common sense and intelligence, and if the court makes a mistake in giving them an instruction, as in this case, and then gives them another instruction correcting the mistake, and the language of the correction is so plain that a person of ordinary intelligence can understand it, we cannot see any good reason why the error is not cured and corrected in the understanding of the jury."

Surely the jury in the instant case were not misled by the court's mistake in giving instruction No. 4, as he plainly told them in ordinary language to disregard it and to rely on alternate No. 4, (defendant's requested instruction) which in effect emphasized all the prerequisites necessary to awarding punitive damages which was favorable to the defendant.

We have carefully examined the instructions requested by the plaintiff and defendant and the instructions given by the court on all questions raised by the two assignments of error, and we are of the opinion that the errors complained of by the defendant are not well founded, and the court committed no error in instructing the jury on the question of punitive damages which was entirely applicable to the issues and facts of the instant case.

We find that appellant's assignments Nos. III and IV are without merit.

Accordingly, the judgment of the lower court is

Affirmed.

UDALL, STANFORD, PHELPS, and DE CONCINI, JJ., concur.

Chief Justice LaPRADE being ill, Hon. DON T. UDALL, Judge, Superior Court, Navajo County, was called to sit in his stead.