255 P.2d 609

**CITY OF PHOENIX v. HARLAN et al.**
No. 5583.

Supreme Court of Arizona.
April 13, 1953.

Laurence H. Whitlow, City Atty., Jack D. H. Hays, Asst. City Atty., Jennings, Strouss, Salmon & Trask and Clarence Duncan, all of Phoenix, for appellant.

Harold R. Scoville and Charles A. Stanecker, of Phoenix, for appellees.

UDALL, Justice.

This is an appeal from an order of the trial court granting a motion for new trial after verdicts and judgment in favor of the defendant. The parties to this litiga-

tion are before us in the reverse order of their appearance in the trial court, but for convenience reference will be made to them herein as they there appeared, viz., Ray Harlan et al., as plaintiffs, and the City of Phoenix, as defendant.

Eleven different groups of plaintiffs joined in one complaint against the City of Phoenix, a municipal corporation, complaining of the use made of the newly constructed east-west runway on the south portion of Sky Harbor Muncipal Airport, which was then carrying all the traffic amounting to over forty flights daily. They alleged that the operation, maintenance and supervision of the runway by the defendant constituted a nuisance, and that there was a taking of their property without compensation. Complaint was made and evidence introduced to show that the nuisance and taking was the consequence of noise, vibration, bright lights and dust resulting from the operation of the runway. Plaintiffs prayed for (1) a permanent injunction restraining the use of the runway, (2) permanent damages to their property, and (3) damages for personal injury caused by nervous strain, fear and inconvenience. The total amount of damages sought against the defendant, as set out in the complaint, was the sum of $117,-500.

The defendant denied that the use and operation by it of the runway in question was a nuisance, alleged that it was acting in a governmental capacity, that the grant-ing of the relief prayed for by plaintiffs would constitute an unreasonable burden on interstate commerce, and alleged that the flights complained of were through navigable airspace wherein said aircraft had a public right of freedom of transit.

A lengthy trial was had before the court sitting with a jury. A total of fifty-one witnesses testified, thirty-eight on behalf of the plaintiffs and thirteen on behalf of defendant, and more than fifty exhibits were admitted. The reporter's transcript covers 1188 pages. The result was a unanimous verdict for the defendant against each and all plaintiffs and judgment was thereupon entered in accordance with the verdicts.

Thereafter, the plaintiffs filed a motion for new trial specifying some twelve grounds, four of which dealt with instructions. After oral argument the trial court requested memoranda on the question of alleged error in the giving of certain instructions. The motion for new trial was granted without specifying the grounds; however, eight days later the court, at the request of counsel for defendant, entered a minute order stating it was of the opinion that defendant's requested instructions Nos. 5, 12 and 22, given by it, were prejudicial. This appeal followed.

The three assignments of error are in substance that the trial court erred in granting plaintiffs' motion for a new trial upon the ground that these three instructions were prejudicial. The defendant as-

serts that said instructions, and each of them, were correct statements of the law and were justified under the pleadings and the evidence and were not prejudicial to plaintiffs' cause.

The testimony at the trial disclosed that the runway in question is a paved strip 150 feet wide and 6000 feet long, the westernmost end of which is 1365 feet from the fence marking the western boundary of the airport. The plaintiffs' realty holdings are located in the neighborhood of 24th and Mohave streets (outside the city limits of Phoenix) and adjacent to the south portion of the west boundary of Sky Harbor. The nearest house of any of the plaintiffs is some 300 feet west of the airport fence. One residence is directly in the path of the runway, whereas the others are situated to the north thereof varying up to a distance of approximately 400 feet.

The evidence was in sharp conflict as to the height of flights over the plaintiffs' residences. Plaintiffs in their testimony placed the average elevation of both take-off and landings as between 60 and 100 feet. Witnesses for defendant testified that the average elevation was between 350 and 500 feet for the four-motor aircraft and higher for the lighter planes. There was also a conflict as to the area where the large airplanes warmed up, causing part of the offensive noise and dust.

We are of the opinion that where, as here, there is manifest from the record the particular basis for the trial court's order granting the motion for new trial, our review is limited to a consideration of the sufficiency of the grounds for the order, and to search the record for other possible bases not adopted by the trial court is unnecessary. See: Bryan v. Inspiration Consol. Copper Co., 27 Ariz. 188, 231 P. 1091, and Southern Pacific Co. v. Shults, 37 Ariz. 142, 290 P. 152.

Before treating the specific assignments of error relative to the correctness or incorrectness of the instructions given there are certain pertinent legal principles to be kept in mind, viz.,

"In passing upon the correctness and propriety of instructions, a reviewing court is required to consider the charge as a whole, rather than to search for technical defects, verbal inaccuracies, or insufficiencies which may appear in individual instructions or portions thereof when examined apart from the context and the other parts of the charge * * *." 3 Am. Jur., Appeal and Error, Sec. 837; Cf. Wolff v. First Nat. Bank, 47 Ariz. 97, 53 P.2d 1077.

and, while the granting of a motion for new trial is to a great extent discretionary with the trial court, it must needs be a legal discretion, one based upon reason and law.. Therefore, in the instant case; if the lower court granted a new trial because of instructions believed to be erroneous,

which were in fact proper, or if improper in any respect were not prejudicial, then the court having misjudged the correctness of said instructions, there is no discretion to be exercised. Sharpensteen v. Sanguinetti, 33 Ariz. 110, 262 P. 609; Southern Pacific Co. v. Shults, supra; Southern Arizona Freight Lines v. Jackson, 48 Ariz. 509, 63 P.2d 193; Rothman v. Rumbeck, 54 Ariz. 443, 96 P.2d 755.

### Instruction No. 22

The questioned instruction follows:

"You are instructed that if you find that the defendant, City of Phoenix, has provided an airport with runways of sufficient length and construction, and landing and takeoff areas adjacent thereto of sufficient size to enable the planes using it to take off and land without interfering with the substantial enjoyment by the plaintiffs of their properties, then you may not return a verdict in favor of the plaintiffs and against the defendant because of the improper use of those facilities by third persons, unless you first find that the defendant, City of Phoenix, had actual notice of the improper use of its runways or by the exercise of reasonable care should have known of such improper use."

There are two possible bases of liability. The first is that if, because of the character of the airport facilities, planes in their operation could not avoid interfering with the substantial enjoyment by the plaintiffs of their property, then the defendant would be liable for the nuisance it has created.

The instruction (embodying the second basis) presupposes an adequate facility so that planes operating properly therefrom would not substantially interfere with the plaintiffs' enjoyment of their property, and if third persons are substantially interfering therewith, the defendant cannot be held liable unless it knew or should have known of the improper use of such facilities.

There being no claim by plaintiffs that the airport facility was not adequate, we shall consider only the second ground. It is predicated upon the rule of liability of a landowner for a nuisance on his land created by some person for whose acts he is not legally responsible. Therefore, if the facts show the alleged nuisance was created by other parties for whose actions the defendant is not responsible then the instruction as given is correct.

As to Sky Harbor Airport the defendant is a landowner in possession who licenses others to use the facilities of the field. The defendant neither owns nor operates any airplanes, nor have the plaintiffs alleged a joint operation with any airline or airplane owner, such as appears in the cases of Thrasher v. City of Atlanta, 178 Ga. 514, 173 S.E. 817, 99 A.L.R. 158; Delta Air Corps v. Kersey, 193 Ga. 862,

20 S.E.2d 245, 140 A.L.R. 1352. The defendant merely charges fees for the use of the airport facility which it maintains.

In an effort to see that the facility was properly used the defendant enacted rules by city ordinance and airport regulations for the conduct of all parties using the airport. In addition to the defendant's rules, the Civil Aeronautic Authority regulations govern the actual flight of aircraft and their use of the airport. C.A.A. personnel are wholly responsible for operating the tower and directing the traffic on the field and in the flight pattern.

 From the facts it appears that the defendant is not directly responsible as it did not, by its agents, fly the planes in a low or otherwise improper manner. Is the defendant nevertheless liable for the nuisance third parties create in connection with their operations off from its land? The rule is stated in 66 C.J.S., Nuisances, § 88, as follows:

"* * * ordinarily, a landowner cannot be subject to civil liability for a nuisance existing on his land not created or maintained by him, his agents, servants, or employees, * * * and of which such owner, agents, servants, or employees, * * * have no knowledge; * * *. In the absence of a statute otherwise providing, as a general rule, a landowner or person lawfully in possession is not liable for a nuisance on his premises unless he created it or permitted or authorized its creation by some person for whose action he is responsible, or unless he suffers it to continue after notice to abate, or after he otherwise acquires knowledge or becomes aware of its existence, or, if he had exercised reasonable care, ought to have become aware of its existence. He may be liable for its continuance, when he has knowledge thereof, although it was created by the act of an unauthorized person or stranger, or by his predecessor in title or possession. In any case, however, the liability of the owner does not attach as soon as he becomes aware of the existence of the nuisance, but only if he fails to abate the nuisance within a reasonable time thereafter by the use of all reasonable means within his power."

See, Meloy v. Santa Monica, 124 Cal.App. 622, 12 P.2d 1072.

 Therefore, we hold that the court properly instructed the jury that before they could return a verdict for the plaintiffs they must find the defendant had actual knowledge, or by the exercise of reasonable care should have known, of an improper use.

Instruction No. 12

"You are instructed that to render a noise a nuisance it must be of such a character as to be of actual physical discomfort to persons of ordinary sen-

sibilities. It is not sufficient that it only affect persons of peculiar temperament or weakened physical condition. No one is entitled to absolute quiet in the enjoyment of his property.

"The noise must be of that quality which affects injuriously and to an unreasonable degree the health or comfort of persons of ordinary sensibilities in the vicinity and exceeds the bounds of reasonable adjustment to the conditions of the locality. *Thus, although the noises may emanate from the conduct of a business duly permitted by the state because of its public advantages,* the character, volume, frequency, duration, time, and locality of the noise continue to be relevant factors in determining *whether the alleged annoyance surpasses the requirements of the business operations* and in fact unreasonably interferes with the ordinary comfort of human existence in the neighborhood." (Emphasis supplied.)

■ Plaintiffs, in condemning this instruction, rely upon our recent decision in Brandes v. Mitterling, 67 Ariz. 349, 196 P.2d 464, but the facts in the two cases are in nowise parallel. The case most nearly in point, where a somewhat similar instruction was given, is Hyde v. Somerset Air Service, 1 N.J.Super. 346, 61 A.2d 645. The fact that the latter was a suit for an injunction does not rob it of its value as a precedent.

The plaintiffs raise no objection to the statement of law contained in the first paragraph but they insist that by the wording of the emphasized portion the court was in substance telling the jury

"* * * if noise, vibration, dust, glaring lights, etc., were a necessary requirement of this lawful business, the plaintiffs could not recover. * * *"

While the instruction is not a model of clarity, the bald conclusion now drawn by plaintiffs is only partially warranted. The court had already given the jury general instructions on the law of nuisance and had made it clear that the defendant, in the operation of its airport facilities, was not immune from liability. Instruction No. 12 does not state that if those consequences resulted from a lawful business the plaintiffs could not recover. In substance it states that even though the noise, etc., may result from a business duly permitted by the state, the character, volume, duration, etc., of the noises, continue to be relevant factors in determining whether an unreasonable interference exists. Even if it be held that it was error to include the phrase "* * * annoyance surpasses the requirement of the business operation * * *", still when the instruction as a whole is considered with all of the other instructions in pari materia, we have no hesitancy in holding that same was not prejudicial.

### Instruction No. 5

Finally, we consider this instruction, to determine whether under the pleadings and evidence it was proper and not prejudicial. It reads:

"You are instructed that it is the law that trifling annoyances and inconveniences are not recognized by the law as nuisances. When expensive installations have been constructed which are useful and needful to the public, adjoining property owners will not be permitted to maintain actions for damages unless the effect is a substantial impairment of the use and enjoyment of their property."

The plaintiffs maintain that the instruction was prejudicial for two reasons; (1) it constituted a comment upon the evidence and (2) is a misstatement of the law as applied to the facts in this case.

The first point is quickly disposed of as the prohibition against comment is directed against evidence which is in controversy. Gila Water Co. v. Gila Land & Cattle Co., 28 Ariz. 531, 238 P. 336; Haymes v. Rogers, 70 Ariz. 408, 222 P.2d 789, 17 A.L.R.2d 896. Plaintiffs' counsel first examined the defendant's airport manager on the expansion program at the airport, and the fact that expensive installations had been and were being made thereon was not in any way controverted or made an issue in the case.

As to the second point it must be recognized that a nuisance is not a wrong which may be described by an exact definition; it involves a balancing of the respective rights of the parties. The plaintiffs asked and were granted instructions defining their rights. The questioned instruction is merely the other side of the coin, i. e., the rights of the defendant are stated. For cases reflecting a similar situation see, MacDonald v. Perry, 32 Ariz. 39, 255 P. 494; Euler v. Sullivan, 75 Md. 616, 23 A. 845; Susquehanna Fertilizer Co. v. Malone, 73 Md. 268, 20 A. 900, 9 L.R.A. 737; King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636. It was from the latter case that the instruction complained of was in part taken. The instruction was not improper.

We arrived at the conclusion that the law points which apparently induced the court to grant the new trial must be decided in favor of the defendant. The learned trial court more correctly instructed the jury than his later judgment indicates. We hold that it was error to grant a new trial.

The order granting the new trial is vacated and the cause remanded with directions to reinstate the judgment in favor of defendant.

STANFORD, C. J., and PHELPS, LA PRADE, and WINDES, JJ., concurring.