380 P.2d 1020

**John ROSENDAHL, Administrator of the Estate of Francis Rosendahl, deceased, Appellant,**

**v.**

**TUCSON MEDICAL CENTER, a corporation, Appellee.**

No. 7164.

Supreme Court of Arizona,

En Banc.

April 24, 1963.

Norman S. Herring, Sedona, for appellant.

Darnell, Holesapple, McFall & Spaid, by Richard C. Briney, Tucson, for appellee.

UDALL, Vice Chief Justice.

From a judgment for defendant in a wrongful death action plaintiff, father of the deceased and the administrator of the estate, appeals.

Because the transcript of testimony was not included in the record on appeal our knowledge of the facts is limited. The record we do have indicates that deceased was admitted to defendant hospital on February 9, 1959, and died there on February 10, 1959. The death certificate shows the cause of death to be pulmonary hemorrhaging. Deceased had been a victim of pulmonary tuberculosis for fifteen years. His survivors alleged that the staff of defendant hospital failed to give him the "care and attention required by his serious physical condition" and consequently hastened his death. The jury found otherwise.

The appeal is based on instructions given to the jury. Appellant contends the court erred:

"1. In refusing to properly instruct the jury that negligence is a breach of duty to use reasonable care commensurate with the circumstances, and erroneously attempted to define negligence without including the vital element that it is a breach of duty owed.

"2. By informing the jury that the conduct of the defendant hospital did not amount to negligence, thus invading the province of the jury and commenting on the evidence in violation of Article VI, Sec. 12 of the Arizona Constitution.[1]

"3. By repeatedly informing the jury in words to the effect that they 'must find for the defendant' or 'the plaintiff cannot recover' thus overemphasizing the defense side of a contested case, thereby effecting a defense verdict.

---

1. Article VI, Section 12 reads: "Judges shall not charge juries with respect to matters of fact nor comment thereon, but shall declare the law."

"4. By refusing to instruct the jury that there was any set of facts, or circumstance of negligence and proximate cause, under which the jury could return a verdict in favor of the plaintiff."

 With regard to the first assignment we find that the trial judge did in fact include in his instructions on negligence a discussion of duty.[2] He said:

"One test that is helpful in determining whether or not a person was negligent is to ask and answer whether or not if a person of ordinary prudence had been in the same situation and possessed of the same knowledge he would have realized that his action or inaction would create an unreasonable risk of bodily harm to himself or another person. *If such an unreasonable risk of harm would be foreseeable by a person of ordinary prudence* with like knowledge and in like situation that if the conduct could reasonably be avoided, *then not to avoid would be negligence.*" (Emphasis supplied.)

This court has recognized the concept of duty as it relates to the doctrine of negligence in terms of "foreseeability" of harm to another. The foreseeability of the danger establishes the duty. See Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178 (1955). The emphasized portion of the above instruction adequately sets out this concept. Furthermore the instructions spell out the very word "duty" when it was said:

"[I]f you find from a preponderance of the evidence in this case that the employees of Tucson Medical Center knew or reasonably should have known of the physical condition of Francis Rosendahl (the deceased) on February 9th and 10th, 1959, while he was a patient in defendant Hospital, then *it became the duty of the defendant Hospital and its employees to render such care and attention for his safety as a reasonably prudent person would do with like knowledge and under like or similar circumstances.*

"You are instructed that the law does not make the defendant Hospital an insurer or guarantor of a patient's safety, but *it has the duty* to give a patient such reasonable care and attention as the patient's known condition requires. *It is their duty* to exercise reasonable care as to be measured by the degree of care, skill and diligence customarily exercised by hos-

---

**2.** That duty is an element of negligence is established by our language in Scarborough v. Cent. Ariz. L. & P. Co., 58 Ariz. 51, 117 P.2d 487, 138 A.L.R. 866 (1941); Salt River Valley W. U. Ass'n v. Compton, 40 Ariz. 282, 11 P.2d 839 (1932); City of Phoenix v. Lopez, 77 Ariz. 146, 268 P.2d 323 (1954); West v. Soto, 85 Ariz. 255, 336 P.2d 153 (1959).

pitals generally in this community." (Emphasis supplied.)

The court then said:

"If you find from a preponderance of the evidence under the instructions of the Court that the Tucson Medical Center by its employees was negligent and that this negligence was the proximate cause of the death of Francis Rosendahl then *the defendant Hospital may not escape responsibility* for such death even though disease or the physical condition of Francis Rosendahl may have resulted in death in the near future." (Emphasis supplied.)

The element of duty as related to the doctrine of negligence was adequately presented for the jury's consideration, and the first assignment is without merit.

We likewise dismiss the second assignment of error as being without grounds. The instruction complained of said:

"There are a few general principles which may be helpful to you in the determination of the negligence issue. In the first place, you cannot assume that a party was negligent simply because the other party has raised the issue in its pleadings. Second, the mere fact that a death took place considered alone will not support any inference or conclusion that a party was guilty of negligence. Third, you should not decide the issue of negligence on the basis of guesswork, speculation or your personal hunches unsupported by the evidence. A finding of negligence, like any other fact, must be based on actual evidence admitted into the case. *Further, the fact that a death might have been avoided by some conduct other than that used is not sufficient considered alone to prove that he was negligent. Different individuals all exercising ordinary care might behave differently under the same circumstances.*" (Emphasis supplied.)

We find nothing in this instruction that amounts to a comment on the evidence. In fact its prefacing remarks identify the instruction as a statement of "general principles." The error in assuming negligence on the strength of the pleadings, or in assuming negligence simply because of a death, or in determining negligence on guesswork is sound advice to a jury. Negligence must be proved and proximate cause established before liability can be found. Dungan v. Brandenberg, 72 Ariz. 47, 230 P.2d 518 (1951). Also, it seems to us to be a sound admonition to the jury that the "ordinary and due care" standard used in determining negligence does not always require that only one course of con-

duct at the exclusion of all others to be followed by the actor. A reasonable and prudent person might have to decide between alternative courses of conduct either one of which would be proper under the circumstances. Salt River Valley W. U. Ass'n v. Compton, supra; Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319 (1937).

 We also find appellant's third assignment to be without merit. An examination of the instructions fails to indicate that the trial judge overemphasized the defense side of the case.

 As to the final assignment of error we find again that the record does not sustain appellant's contention. The instructions cited in this opinion show that the trial judge did in fact instruct the jury as to finding the existence of negligence and its proximate cause of decedent's death:

"If you find from a preponderance of the evidence under the instructions of the Court that the Tucson Medical Center by its employees was negligent

---

3. It has been stated that hypercritical criticism to the charge will not be sustained. In keeping with this rule we have held that it is the charge as a whole which we will consider in passing upon objections made by the losing party.

and that this negligence was the proximate cause of the death of Francis Rosendahl then the defendant Hospital may not escape responsibility for such death even though disease or the physical condition of Francis Rosendahl may have resulted in death in the near future."

Then again the court said:

*"Since you have a right under the evidence to find for the plaintiff or the defendant* you should not assume from the fact that instructions on damages have been given that the Court has any view as to which party is entitled to a verdict or as to whether you should or should not award damages. These are matters entirely for your decision."[3]

It does not appear that the jury would be misled by these instructions. Reah v. Jupin, 68 Ariz. 335, 206 P.2d 558 (1949).

Judgment affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.

City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609 (1953); Ruth v. Rhodes, 66 Ariz. 129, 185 P.2d 304 (1947); Humphrey v. Atchison, T. & S. F. Ry. Co., supra.