395 P.2d 360

**Albert NEWTON and Fidelity Acceptance Corporation, an Arizona corporation, Appellants,**

v.

**Albert MAIN, Sr., and Albert Main, Jr., Appellees.**

No. 7352.

Supreme Court of Arizona,

En Banc.

Sept. 24, 1964.

Langerman & Begam, Frank Lewis, Phoenix, for appellants.

Snell & Wilmer by Mark Wilmer, Donald R. Kunz and Paul V. Wentworth, Phoenix, for appellees.

LOCKWOOD, Vice Chief Justice.

This is an appeal by the plaintiff in a personal injury action from a verdict and judgment in favor of the defendant.

The facts concerning the injury are immaterial for the purpose of this appeal. Plaintiff's only assertion of error concerns an instruction given by the trial judge to the jury on the issue of contributory negligence. The instruction in question is as follows:

"The court instructs you that among the defenses asserted by the defendant in this case is one of contributory negligence on the part of plaintiff. The burden of proving this contention rests upon the defedant [sic]. And unless you find that the defendant has proved by a fair preponderance of the evidence that plaintiff was guilty of contributory negligence and that said negligence on the part of plaintiff contributed as a proximate cause to the injuries in question, then you should find for the plaintiff on this issue, So [sic] far as the issue of contributory negligence is concerned, *unless testimony offered by plaintiff shows he was guilty of contributory negligence.*" (Emphasis supplied.)

Plaintiff contends that what was otherwise a valid and correct instruction was made incorrect by the addition of the last clause. Plaintiff's analysis of this clause is

that it leads to any or all of the following conclusions: (1) that plaintiff's evidence must clearly and unequivocally show he was free of contributory negligence; (2) the burden on the issue of contributory negligence is shifted to the plaintiff if any of the evidence offered by the plaintiff shows he was guilty of contributory negligence; (3) if evidence offered by the plaintiff shows negligence, the jury should find for the defendant even if the plaintiff's negligence was not a proximate cause of his injury; (4) if, after considering all of the evidence, it is the jury's judgment that the defendant has not proved the plaintiff guilty of contributory negligence by a fair preponderance of the evidence, the jury must still find for the defendant on the issue of contributory negligence if any evidence offered by the plaintiff shows contributory negligence.

In considering the use of language in law it is well to bear in mind Justice Holmes' admonition that:

"A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." Towne v. Eisner, 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372 (1918).

As with particular words, the particular phrase in question is also "the skin of a living thought". Its color and content may

best be determined by considering the circumstances in which it was used.

In an earlier part of his instructions the trial judge charged the jury as follows:

"Whenever in these instructions I give you any rule or legal principle or any direction to you, and it is stated in various or different ways, no emphasis thereon is intended by me and none must be inferred by you. You are not to single out any certain sentence or any individual point or Instruction and ignore the others, but you are to consider all the Instructions as a whole and to regard each in the light of all of the others.

"The order in which the Instructions are given has no significance whatsoever as to their relative importance."

Immediately after the instruction in question the trial judge told the jury:

"In civil actions of this nature, the party who asserts the affirmative of an issue must carry the burden of proving it and we call this the burden of proof. This means that if no evidence were given on either side of such an issue, you must necessarily find against the party who has such burden of proof. When there is evidence on such an issue and it is contradictory or conflicting, then your decision must be made on that issue according to the preponderance [sic] of evidence.

"We can also explain this in another way which is to say that burden of proof means that unless the truth of the particular allegation is proved by a preponderance of the evidence, you shall find the same not to be a fact.

"Now, preponderance of the evidence is meant such evidence as when weighed with that opposed to it has more convincing force and from which it appears that the greater probability of truth lies therein. Should the conflicting evidence be evenly balanced in your minds so that you are unable to say that the evidence on either side of the issue preponderates, then your finding must be against the party upon whom rests the burden of proof, namely, the one who asserts the affirmative of the issue."

■ This court has stated many times that instructions cannot be considered piecemeal, but must be taken as a whole. Tenney v. Enkeball, 62 Ariz. 416, 158 P.2d 519 (1945); Humphrey v. Atchison, T. & S. F. Ry. Co., 50 Ariz. 167, 70 P.2d 319 (1937).

■ The test to be used in determining the correctness of instructions is whether upon the whole charge the jury will gather the proper rules to be applied in arriving at a correct decision. Rosendahl v. Tucson Medical Center, 93 Ariz. 368, 380 P.2d 1020 (1963); Musgrave v. Githens, 80 Ariz. 188,

294 P.2d 674 (1956); Daly v. Williams, 78 Ariz. 382, 280 P.2d 701 (1955).

█ In the instant case could the jury, considering the whole charge, gather the proper rules to be applied in arriving at a correct decision? The proper rule for the jury to apply in this situation is that the defendant bears the burden of persuasion or the risk of non-persuasion as to whether the plaintiff was contributorily negligent. The function of this rule is to permit the jury to determine which party shall prevail on the issue of contributory negligence in case their minds are in a position of equilibrium on the issue. The trial judge made this point quite clear when he said:

"Should the conflicting evidence be evenly balanced in your minds so that you are unable to say that the evidence on either side of the issue preponderates, then your finding must be against the party upon whom rests the burden of proof, namely, the one who asserts the affirmative of the issue."

In the context of the whole charge it is clear that the jury could gather the proper rule to apply in arriving at a correct decision as to which party should prevail on the issue of contributory negligence.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, BERNSTEIN, and SCRUGGS, JJ., concurring.