409 P.2d 23

**Gordon J. DUBREUIL and Lillian M. Dubreuil, husband and wife, Appellants,**

**v.**

**David GARDNER et al., Appellees.**

No. 7298.

Supreme Court of Arizona.

In Division.

Dec. 15, 1965.

Fennemore, Craig, Allen & McClennen, by Arthur M. Johnson, Phoenix, for appellants.

Snell & Wilmer, by Roger W. Perry and Donald R. Kunz, Phoenix, for appellees Donohue and Martori.

UDALL, Justice.

This is an appeal by appellants Dubreuil, plaintiffs in the trial court, from the judgment of the lower court in favor of appellee Donohue, one of the defendants below. Motion for new trial was duly made and denied by the trial court and this appeal was taken. We have jurisdiction pursuant to A.R.S. § 12–2101, as amended, to determine the issue involved.

Plaintiff Lillian Dubreuil was a passenger in the automobile of defendants Gardner, which automobile collided with an automobile owned by defendants Martori, which was driven by defendant Donohue. The collision occurred at an intersection controlled by an automatic traffic-control device.

As a result of the accident; Dubreuil filed a complaint against Gardner, Donohue and Martori. Donohue and Martori answered separately; Gardner filed an answer with a cross-claim against Donohue and Martori. Because of the foregoing pleadings, at the time of trial there were claims of both the complaint and cross-claim to be tried, with defendant-cross-claimant Gardner in the posture of a "defendant," and of a "plaintiff." A verdict of $25,000 resulted in favor of Dubreuil against defendants Gardner only. The trial court granted the motion of defendants Martori for directed verdict for no liability in relation to the claim of the Gardners. The trial court, as to defendant Donohue, entered judgment that the Dubreuils and Gardners take nothing by their complaint and cross-claim respectively.

This appeal presents a single assignment of error, to wit:

"The Trial Court erred in giving unnecessarily lengthy, repetitive and confusing instructions in such manner that the jury was thereby led to believe that the sole issue, or at least the only important issue, was which of the defendant-drivers failed to observe the traffic light and that a verdict could only be, or at least ought only to be, rendered against one of the defendants only, by which the jury were misled to the prejudice of plaintiffs."

There is no suggestion whatever that the instructions given were in any manner incorrect or inaccurate; accordingly we assume the trial court did fairly and correctly apprise the jury of the governing law. Coyner Crop Dusters v. Marsh, 90 Ariz. 157, 367 P.2d 208 (1961), rev'd on other grounds, 91 Ariz. 371, 372 P.2d 708 (1962). Eldredge v. Miller, 78 Ariz. 140, 277 P.2d 239 (1954); Valley National Bank v. Witter, 58 Ariz. 491, 121 P.2d 414 (1942).

We have previously dealt with the question of repetitious instructions. This Court in Reah v. Jupin, 68 Ariz. 335, 339, 206 P.2d 558, 561 (1949) modified in Tipton v. Burson, 73 Ariz. 144, 238 P.2d 1098 (1951), stated:

"While it is not good practice to repeat the same subject matter in several instructions after having once covered such points, the universal rule is that repetitious instructions do not constitute reversible error unless it reasonably appears that the jury were misled. [Citing cases]"

This rule was also discussed in Bean v. Gorby, 80 Ariz. 25, 292 P.2d 199 (1956), and in Young Candy & Tobacco Company v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962).

It is well settled that instructions to the jury must be viewed as a whole and not piecemeal. Newton v. Main, 96 Ariz. 319, 395 P.2d 360 (1964); Ieronimo v. Hagerman, 93 Ariz. 357, 380 P.2d 1013 (1963). There is no indication from the record that the jury was actually confused or misled in this case. Also, there was no repetition, in the legal sense, in the instructions given by the trial court. Donohue and Gardner were both defendants but their posture as such was very different, beginning with the fact they were drivers of separate and different automobiles and ending with the fact that Gardner was cross-claiming against Donohue for all such liability as might arise out of the suit.

Defendants Gardner and Donohue were defended separately by different counsel, albeit on the same basic legal theories. The instructions pertaining to each such defense were given once for each defendant; however, each instruction pertained to a different defendant and involved a different legal result. There was, of course, some reiteration of legal principles but there was no true repetition in the sense of a restatement of what had already been covered. Suffice it to say that each defendant was entitled to his own proper instructions on his own theories of the case, and so long as the instructions were not repetitious in legal result they will not be condemned.

Moreover, it appears that if it was in fact possible to have given instructions "framed as to all defendants," as appellant suggests, it was the duty of appellant, at the trial, to submit such instructions. New York Indem. Co. v. May, 37 Ariz. 462, 295 P. 314 (1931); Arizona Pub. Co. v. Harris, 20 Ariz. 446, 181 P. 373 (1919). This same rule applied to "more explicit instruction," Mitchell v. Emblade, 80 Ariz. 398, 298 P.2d 1034 (1956); or an "incomplete" instruction, Tenney v. Enkeball, 62 Ariz 416, 158 P.2d 519 (1945); or "further instructions upon that point," Salt River Valley Water Users' Ass'n. v.

Arthur, 51 Ariz. 101, 74 P.2d 582 (1937); or "more specific" instruction, MacDonald v. Perry, 32 Ariz. 39, 255 P. 494 (1927); or "full and complete" instruction, City of Phoenix v. Mayfield, 41 Ariz. 537, 20 P.2d 296 (1933); or complaint that instructions "are not complete," Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939). These cases are merely facets of the general rule that if the trial court gives correct instructions, and if a party is dissatisfied therewith, then it is the duty of counsel to submit other instructions. Counsel herein did not undertake that duty but merely objected to the form of the instructions instead of submitting instructions that would have cured the complaint appellant now seeks to assert.

Finally, there is no showing the jury was confused by the instructions given as shown by the record. The instructions not only permitted but specifically authorized the jury to find for or against plaintiffs and for or against each or both of the defendants. There is no indication the jury believed it should bring in a verdict against only one of the defendant drivers in view of the repeated instructions by the trial court that the jury could return a verdict against both drivers.

We have carefully examined the instructions given by the court on the question raised by this assignment of error, and we are of the opinion the error complained of by plaintiff is not well founded and that the trial court committed no error in instructing the jury under the circumstances of this case. Accordingly, the judgment of the lower court is affirmed.

BERNSTEIN and McFARLAND, JJ., concur.