421 P.2d 525

**Fred R. DAVIS, Appellant,**

v.

**C. J. BURINGTON and Mildred Burington, husband and wife, dba Dayo Apart-ments, Appellees.**

**No. 7982.**

Supreme Court of Arizona.

In Banc.

Dec. 14, 1966.

·Fred J. Pain, Jr., McKesson, Renaud & · Cook, Phoenix, for appellant.

John J. Bouma, Snell & Wilmer, Phoenix, for appellees.

McFARLAND, Justice:

Plaintiff appeals from a judgment of the trial court entered on a verdict in favor of defendants and from denial of plaintiff's. motion for a new trial.

Fred Davis, hereinafter known as plaintiff, was a tenant at the Dayo Apartments, Scottsdale, Arizona, which apartments were owned and controlled by C. J. Burington and Mildred Burrington, herein known as defendants. Plaintiff seeks re-. covery for injuries allegedly sustained as a. result of a slip·and fall on a sidewalk leading from his apartment to the parking area. Defendants had caused the sidewalk to be hosed off with water on the day· of the accident, and plaintiff presented evi-

dence to show there was a slight depression in the sidewalk in which water collected forming a small puddle. Plaintiff testified he was walking toward his car in a normal manner when he slipped on this puddle and fell injuring his back. The jury returned a verdict in favor of defendants. Judgment was entered on this verdict, and plaintiff appeals.

Plaintiff submits for our consideration only two assignments of error. Both assignments and arguments thereon go to the legal correctness and prejudicial effect of certain instructions to the jury.

Plaintiff contends the trial court erred in its charge to the jury by giving—over objection—defendant's requested instruction No. 9, which was as follows:

"You are further instructed it was not negligence for the Defendants to permit the sidewalks at the apartment house to be washed off on the day in question with water, for the Defendants had a right to use ordinary and reasonable means to keep the sidewalks clean."

■■■ There is no doubt that the mere washing of a floor or walk, in and of itself, when carried out in an ordinary and reasonable manner, with due care for the safety of tenants and others who might travel upon it, is not negligence, unless it creates a hazardous condition of which the landlord knew or should have known. Ong v. Pacific Finance Corp. of California, 70 Ariz. 426, 222 P.2d 801; Plummer v. Port of New York Authority, Sup., 146 N.Y.S. 2d 375; Judson v. American Ry. Express Co., 242 Mass. 269, 136 N.E. 103; Thogmartin v. Koppel, 145 Kan. 347, 65 P.2d 571; Rango v. Nicola Shoe Repair Co., Sup., 141 N.Y.S.2d 18, affirmed 1 A.D.2d 780, 148 N.Y.S.2d 460; Brand v. Donahoe's Inc., 357 Pa. 474, 55 A.2d 362. It is clear that the right of a landlord to clean his sidewalk is conditioned upon his use of reasonable care in keeping the premises safe. The instruction in question mentions the use of ordinary and reasonable means, but it fails to mention the duty to use due care. However, as was said in the case of

City of Phoenix v. Harlan, 75 Ariz. 290, 255 P.2d 609:

" 'In passing upon the correctness and propriety of instructions, a reviewing court is required to consider the charge as a whole, rather than to search for technical defects, verbal inaccuracies, or insufficiencies which may appear in individual instructions or portions thereof when examined apart from the context and the other parts of the charge * *.' " [Citations omitted.] 75 Ariz. at 293, 255 P.2d at 611

■■■ The correctness of the instructions given in a cause must be determined in the light of the issues raised by the pleadings and evidence. City of Phoenix v. Mubarek Ali Kahn, 72 Ariz. 1, 229 P.2d 949. Plaintiff, in his complaint, alleges

"[T]hat as a proximate result of the reckless, negligent, careless and grossly wanton conduct of the defendants in the construction, maintenance, and cleaning of the aforesaid sidewalk the Plaintiff, FRED DAVIS, slipped and fell severely injuring himself."

It is upon the basis of this allegation that he seeks recovery of damages. It will be noted that it was contended that the construction, maintenance and cleaning of the sidewalk was the cause of the accident; that plaintiff contended defendant was negligent. His evidence of negligence is not based upon the washing of the sidewalk, but in the manner and timing of the washing and maintenance of the walk.

■■■ The evidence upon which plaintiff relied was that the sidewalk had been washed; that all of it was dry except one small puddle, and when plaintiff approached the end of the sidewalk he suddenly and unexpectedly slipped. He stated that he turned around to see what had caused him to slip, and saw he had slipped in a little puddle of water on the sidewalk near the end of the building. Another witness testified that the sidewalk was very slippery when it was wet—that at the end of the building was a dark spot; that he examined

the dark spot, and it was actually a depression in the sidewalk; that water will remain standing in this depression when the rest of the walk dries off. The discoloration developed over a period of time; that the dark area is actually a mineralized film that is very smooth and hard when it is wet; that he experimented and found that after putting water on the walk it all dried off shortly after it was placed on the sidewalk except where the discoloration is; and an hour after the water was placed on the depression a puddle of water would still remain in it. He also testified there was a definite custom and practice recognized in the construction industry as to what type of surface is to be put on a sidewalk designed for the outside of an apartment building, and this standard calls for a rough type of surface which does not get slippery when wet, and that the sidewalk in question was inferior to the standard called for under the custom and practice of the community because it had a smooth surface; that it would have been very easy to bring the sidewalk up to standard by giving it an acid treatment; that this treatment roughens the surface of the sidewalk, and does not damage or hurt the quality of it. He testified the treatment is inexpensive and very simple to do.

It was upon the basis of this evidence that plaintiff claimed defendant was negligent. The instruction complained of, taken alone, does not properly state the law, and might be error under different allegations and facts. In the instant case plaintiff was not relying on the fact that the sidewalk had been washed, but on the testimony that it was not up to standard; that defendant allowed a puddle to remain on the walk which together with the failure to maintain and treat the walk properly and bring it up to standard made it slippery and caused him to fall. The contentions upon which plaintiff relied were adequately covered in other instructions. The court instructed the jury that the landlord who rents separate portions of his premises to tenants who are allowed to make common use of sidewalks and passageways over which the landlord retains control is charged with the duty to use reasonable care to keep such sidewalks and passageways in safe condition for the use of tenants, and that the tenant has the right to assume that such passageways and sidewalks are reasonably safe for his use; that the duty of the landlord to use reasonable care to keep such sidewalks and passageways in a reasonable and safe condition includes the duty to protect his tenant from the risk due to bodily injury from dangerous conditions, if any, which exist on such sidewalks and passageways which the landlord knows about or should, in the exercise of reasonable care, know about.

The court further instructed the jury of the landlord's responsibility for a defective condition which in the exercise of ordinary care he should have known the existence of, within such time as would have given him a reasonable opportunity to make repairs. Under these circumstances, the giving of the instruction was not prejudicial error.

█ Plaintiff also contends the instruction was a comment on the evidence in violation of the Arizona constitution.[1] The washing of the walk was a fact which was undisputed. This court has consistently held that facts conceded at a trial or established by uncontradicted evidence may be assumed by the court in an instruction without violating the constitutional prohibition of judicial comment on matters of fact. State v. Willits, 96 Ariz. 184, 393 P.2d 274; Wolff v. First Nat. Bank of Winslow, 47 Ariz. 97, 53 P.2d 1077; Reid v. Topper, 32 Ariz. 381, 259 P. 397. Instructions are not to be considered separately, but must be taken as a whole. E. g., Newton v. Main, 96 Ariz. 319, 395 P.2d 360. A case will not be reversed when the alleged error is

1. A.R.S., Const., Art. 6, § 27, provides: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law. * * *"

predicated on an isolated part of the instructions, unless it appears that the questioned instruction—when considered in connection with all the instructions in the case—was calculated to mislead the jury as to the law. Dubreuil v. Gardner, 99 Ariz. 312, 409 P.2d 23; Jost v. Ross, 82 Ariz. 245, 311 P.2d 840; City of ·Phoenix v. Harlan, supra; Southern Ariz. Freight Lines v. Jackson, 48 Ariz. 509, 63 P.2d 193.

In the instant case, the instructions as a whole show the jury was fully advised as to the landlord's legal duty in regard to construction, maintenance, and cleaning of his sidewalks · and passageways. It was made clear that the issue of negligence in maintenance of the sidewalk was a question for determination by the jury. In the light of the entire charge to the jury, defendants' requested instruction No. 9 does not warrant reversal of the judgment of the lower court.

 Plaintiff's second assignment of error complains of defendants' requested instruction No. 16, which was given as follows:

"You are instructed that before plaintiffs are entitled to recover, they must prove by a preponderance of the evidence:

"1. That plaintiff was caused to slip and fall by a dangerous condition on the premises.

"2. That defendants caused the condition to exist or that the condition had existed for such a period of time that the defendants in the exercise of reasonable care should have discovered it.

"3. That the plaintiff did not know of the existence of the alleged dangerous condition. In this regard, you are instructed that if the plaintiff knew of the alleged dangerous condition and had a reasonable opportunity to avoid it, defendants would not be responsible to him for an injury sustained at a time when he had such knowledge"

Here again we are confronted with an inartfully drawn instruction. Plaintiff contends that, taken by itself, this instruction might be construed as improperly placing the burden of proof upon plaintiff in regard to contributory negligence. This aspect of the law, however, was specifically and accurately presented in other instructions.

The jury was specifically instructed that before defendant could establish his defense of contributory negligence, he must prove that plaintiff was negligent; that he had the burden of producing proof that the fact or facts which he asserted were more probably true than false. The jury was instructed at length in regard to the meaning of "burden of proof," and the question of which party had this burden on the various issues ·was made clear to the jury.

Upon the whole charge, the jury was given the rules to be applied in arriving at a correct decision. Newton v. Main, supra; Rosendahl v. Tucson Medical Center, 93 Ariz. 368, 380 P.2d 1020; Musgrave v. Githens, 80 Ariz. 188, 294 P.2d 674.

For these reasons, the judgment of the lower court is affirmed.

BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.

STRUCKMEYER, C. J., concurs in the result.