492 P.2d 423

**STATE of Arizona, Appellee,**

v.

**Columbus Lee PHILLIPS, Appellant.**

**No. I CA–CR 360.**

Court of Appeals of Arizona,
Division 1.

Jan. 10, 1972.

Rehearing Denied Feb. 17, 1972.

Review Denied March 28, 1972.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HOWARD, Judge.

Contrary to his plea, the appellant was convicted by a jury of a violation of A.R.S. § 13–919, possession of a pistol by a criminal, and sentence by the court to serve not less than four nor more than five years in the Arizona State Prison.

On February 17, 1970, the appellant, while driving a blue Pontiac automobile, was involved in a three-car collision on the Black Canyon Freeway in Phoenix, Arizona. Immediately after the accident, Mr. J. O. Foley, a driver of one of the cars involved, observed the defendant remove a pistol from out of his waistband and place it under the front seat of the auto. When a highway patrolman arrived on the scene of the accident Foley told him about the pistol. The highway patrolman did not inspect the car but merely relayed this information on to a patrolman from the Phoenix Police Department who subsequently arrived. As the officer from the Phoenix Police Department approached the Pontiac a person on the curb warned him to be careful since there was a gun underneath

the seat of the car. The officer looked under the seat and found the loaded pistol.

Appellant left the scene in an ambulance and his automobile was towed from the scene of the accident by a wrecker and taken to a private wrecking yard. Appellant was not arrested until some days later when a check on the ownership of the pistol revealed that appellant was previously convicted of second degree burglary.

Appellant did not testify at the trial. The theory of his case, as indicated by the cross-examination of his attorney, was that the pistol was placed under the seat not by the appellant, but by his passenger. The only witness called by the defense to testify, a woman with whom appellant was living, testified that when appellant left in the morning she did not observe that he was carrying a pistol.

Appellant presents the following questions for review: (1) Was defendant denied the effective assistance of counsel in violation of his rights under the sixth and fourteenth amendments to the United States Constitution? (2) Was the defendant denied due process of law in violation of his rights under the fourteenth amendment to the United States Constitution when the trial court placed upon him the burden of showing restoration of his rights? (3) Did the trial court comment on the evidence in violation of the Arizona Constitution when it told the jury that the defendant must prove that he had regained full status as a citizen? (4) Was the defendant placed twice in jeopardy in violation of his rights under the fifth and fourteenth amendments to the United States Constitution by the failure of the trial court to credit the time he spent in jail awaiting trial against his sentence?

## EFFECTIVE ASSISTANCE OF COUNSEL

██ Appellant contends that he was denied effective assistance of counsel when his attorney failed to make any motion prior to the trial or during the trial challenging the admissibility of the pistol. He bases this contention on the fact that appellant was not arrested at the time of the search nor was there probable cause to arrest since the officer did not know at that time that he was a convicted felon and there was no misdemeanor committed in his presence. When adequacy of counsel is attacked on appeal the controlling question is whether the representation was a farce or sham. State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970); State v. Cufio, 12 Ariz.App. 461, 471 P.2d 763 (1970). There are times when failure to move to suppress evidence can result in the trial being a sham or farce. *See* People v. Ibarra, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963). However, appellant in this case has failed to demonstrate to us that a motion to suppress would have been sustained. The record in this case discloses that when the police officer first arrived on the scene of the accident the appellant was leaning against the left front fender of his automobile. Although his forehead was cut, he was still active and ambulatory. When the police officer went to the automobile to get the revolver, appellant had moved to a point further away from the auto but still nearby. We believe the situation in this case is analogous to the stop and frisk situation sanctioned by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968). The officer upon being informed that a pistol had been placed under the seat of the automobile had a right to take the pistol into custody to protect himself and others in the area in view of the fact that he was told that the defendant had taken it from under his waistband and the further fact that the defendant was still mobile and in the area.

██ The record of the trial indicates that the attorney cross-examined the State's witnesses, objected to the reception of evidence and called and examined a witness for the defense. We do not find that the record discloses that representation by counsel was a farce or sham.

## BURDEN OF PROOF

■ The following instruction was given by the court without objection by the appellant:

> "You are further instructed the defendant, being charged with violating this statute prohibiting a person who has been convicted of a crime of violence from possessing a pistol unless he has been pardoned or regained full status as a citizen, had a burden of proving that he has regained full status as a citizen."

Appellant contends that the foregoing instruction is a violation of defendant's rights to due process of law since it does violence to the concept that the defendant is presumed innocent until proven guilty and that the effect of the statute is to place the burden of proof of guilt or innocence upon the defendant. We do not agree. The court also instructed the jury that they were to consider the instructions as a whole; that the burden of proof was upon the state beyond a reasonable doubt; that the presumption of innocence is not overcome unless the jury is convinced beyond a reasonable doubt that the appellant is guilty; that the burden remains on the State throughout the case, and that the defendant is not required to prove his innocence or introduce any evidence. We do not think the instruction shifted the burden of proof or in any way misled the jury when it is considered with the rest of the instructions that were given in the case. *See* State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967).

## COMMENT ON THE EVIDENCE

■ Assuming, without deciding, that a comment on the evidence by the judge in the instruction constitutes fundamental error which can be raised for the first time on appeal, we do not agree with the further contention of the appellant that the foregoing instruction constituted a comment on the evidence in that it assumed that the appellant was a convicted felon. We arrive at this conclusion for two reasons, namely: (1) Instructions must be considered as a whole and (2) there was no dispute as to the fact that the defendant had been previously convicted of a felony. An exemplified copy of the prior conviction was admitted without objection of counsel and it was stipulated to by appellant that the prints and the prior conviction were his. *See* Davis v. Burington, 101 Ariz. 506, 421 P.2d 525 (1966); Lujan v. State, 16 Ariz. 123, 141 P. 706 (1914).

## FAILURE TO GIVE CREDIT FOR PRETRIAL INCARCERATION

■ The record indicates that the appellant spent five months and ten days in the county jail prior to the trial. Appellant contends that since the judge refused to give him credit for this time spent in jail he is being administered double punishment contrary to the rule set forth in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We do not agree. In State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970), the court held that while a court may take into consideration the time served in a county jail prior to sentence it is not a matter of right but discretionary with the trial court as to whether or not such time should be deducted from the sentence.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This case was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.