Staunton.

BANNISTER V. MITCHELL.

September 16, 1920.

1. ASSAULT AND BATTERY—*Exemplary Damages—Actual Malice.*—
Whenever an assault is of a grievous or wanton nature, mani-
festing a wilful disregard of the rights of others, actual malice
need not be shown to entitle the aggrieved party to exemplary
damages; and, whilst the existence of malice may be shown in
aggravation of such damages, its absence does not defeat the
right to their recovery.

2. ASSAULT AND BATTERY—*Exemplary Damages—Actual Malice—
Instructions—Case at Bar.*—In the instant case, a civil action
for assault and battery, defendant had an altercation and
affray with plaintiff's brother, who was a small one-legged
man, older than defendant, and after plaintiff's brother had
been pushed off the running board of an automobile by the
brother of defendant, defendant and his brother left the auto-
mobile and defendant renewed the fight. Plaintiff came to
the assistance of her brother, striking defendant with a lady's
umbrella, and the defendant cut plaintiff with his pocket knife.
Defendant was indicted and pleaded guilty to the assault.

   *Held:* That the wounding of the plaintiff, under the circum-
stances, constituted a wanton and grievous assault and war-
ranted an instruction embodying the proposition of law con-
tained in the first syllabus.

3. ASSAULT AND BATTERY—*Exemplary Damages.*—By the weight of
authority the rule is that exemplary or punitive damages may
be recovered for a wanton or a malicious assault. The amount
of damages which may be awarded is largely in the discretion
of the jury, the court having the right to set aside the ver-
dict if the jury awards an unreasonable amount.

4. ASSAULT AND BATTERY—*Exemplary Damages.*—The allowance of
exemplary damages seems to be especially applicable in ac-
tions for assault and battery, though sometimes in practice
it seems to be a matter of little consequence. Compensa-
tory damages in such cases include an allowance for mental
suffering, and for the indignity and disgrace to which the

plaintiff is subjected by the defendant's assault, so that, in assessing damages in such cases, the juries may fail to appreciate the distinction between compensatory damages for wounded feelings, malice, insult, etc., and exemplary damages for punishment to the defendant. There being no rule for computing such damages, the distinction may be of slight consequence.

5. ASSAULT AND BATTERY—*Exemplary Damages—Evidence—Plea of Guilty in Criminal Prosecution—Case at Bar.*—In the instant case, a civil action for assault, defendant's plea of guilty in a criminal prosecution for the same assault, together with the evidence introduced in behalf of the plaintiff, were sufficient to show that the use of his knife by the plaintiff, under the circumstances, was entirely unnecessary for his own defense; that he was the aggressor in unnecessarily continuing the affray, and that the wounding of the plaintiff with his knife, under the circumstances, constituted a wanton and grievous assault, for which the jury might impose punitive damages.

6. INSTRUCTIONS—*Repetition.*—Where the defense relied upon was fairly presented to the jury in the instructions given by the court, the refusal of other instructions embodying the same defense is not error.

7. ASSAULT AND BATTERY—*Civil Action—Intent.*—In the instant case defendant claimed immunity upon the ground that the cutting was accidental, that he intended to cut the plaintiff's brother, and that plaintiff got in the way.

*Held:* It was not essential, in a civil suit for damages, that there be an intent to injure the particular person who is injured.

8. ASSAULT AND BATTERY—*Intent.*—It is clear that where one commits a wanton, reckless and dangerous act, which may result in injury to any one of a number of others, such as shooting into a crowd, he is guilty of assault and battery, though he has no specific intention to injure any particular person.

9. CRIMINAL LAW—*Intent.*—Every person is liable for the direct, natural and probable consequence of his acts, and that every one doing an unlawful act is responsible for all of the consequential results of that act. So that, if two persons mutually engage in a duel in the public streets, and a passer-by is hit, though unintentionally, both will be held guilty as principals.

Error to a judgment of the Corporation Court of city of Roanoke, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*A. B. Hunt* and *A. J. Oliver,* for the plaintiff in error.

*Hoge & Darnall,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

Lucy Mitchell recovered a judgment for $650 against William Bannister as damages for assault and battery. He assigns error in the instructions.

[1, 2] He complains of instruction "A," which reads: "The court instructs the jury that whenever an assault is of a grievous or wanton nature, manifesting a wilful disregard of the rights of others, actual malice need not be shown to entitle the aggrieved party to exemplary damages; and, whilst the existence of malice may be shown in aggravation of such damages, its absence does not defeat the right to their recovery."

It is conceded that this instruction is correct as an abstract proposition of law (*Borland* v. *Barrett,* 76 Va. 133, 44 Am. Rep. 152), but it is claimed that no assault of a grievous or wanton nature is shown by the evidence in this case.

It is either conceded, or appears from the evidence introduced in behalf of the plaintiff, that the defendant had an altercation and affray with the plaintiff's brother, who was a small one-legged man, older than the defendant, and that the altercation commenced while her brother was standing

on the running board of an automobile in which the defend-
ant and his brother were sitting; that after he had been
pushed off by the brother of the defendant, these two left
the automobile, and that the defendant renewed the fight
on the ground; that the plaintiff, who came to the as-
sistance of her brother, struck the defendant with a lady's
umbrella; and that he with his pocket knife cut the plain-
tiff, making a gash across her cheek, through the lobe of her
ear, and into her neck behind the ear, from which she suffer-
ed great pain and still bears the scar.   The defendant hav-
ing been charged with malicious assault, was sent to the
grand jury, indicted therefor, and upon his trial pleaded
guilty to assault.

Under these facts, we have no doubt whatever that the
plaintiff was entitled to have the instruction which is com-
plained of.

[3, 4] While there has been some difference of opinion
as to whether punitive damages should be allowed in such
cases, it is said in a note to *Shoemaker* v. *Sonju,* 15 N. Dak.
518, 108 N. W. 42, 11 Am. & Eng. Ann. Cas. 1175, that, "By
the weight of authority the rule is that exemplary or puni-
tive damages may be recovered for a wanton or a malicious
assault.   The amount of damages which may be awarded is
largely in the discretion of the jury, the court having the
right to set aside the verdict if the jury awards an unreason-
able amount."   Citing cases from England, the Federal
courts, Alabama, Arizona, Arkansas, California, Colorado,
Delaware, Florida, Hawaii, Illinois, Iowa, Kansas, Ken-
tucky, Louisiana, Maine, Maryland, Minnesota, Mississippi,
Missouri, New Jersey, New York, North Carolina, Ohio,
Pennsylvania, Rhode Island, South Carolina, Texas, Ver-
mont, Virginia, West Virginia and Wisconsin.   The allow-
ance of exemplary damages seems to be especially applicable
in actions for assault and battery, though sometimes in prac-
tice it seems to be a matter of little consequence, as is illus-

trated in *Bass* v. *Railway Co.*, 42 Wis. 654, 24 Am. Rep. 437, cited in *Brown* v. *Swineford*, 44 Wis. 282, 28 Am. Rep. 582. The *Bass case* was tried three different times in different counties—twice on instructions authorizing exemplary damages and once on instructions disallowing such damages; but upon each trial the verdict was for the same amount. Apparently the same sum which was allowed including exemplary damages on two trials was allowed on the third trial for compensatory damages. Compensatory damages in such cases include an allowance for mental suffering, and for the indignity and disgrace to which the plaintiff is subjected by the defendant's assault, so that, in assessing damages in such cases, the juries may fail to appreciate the distinction between compensatory damages for wounded feelings, malice, insult, etc., and exemplary damages for punishment to the defendant. There being no rule for computing such damages, the distinction may be of slight consequence.

[5] It is held in *Corwin* v. *Walton*, 18 Mo. 71, 59 Am. Dec. 285, where the defendant had pleaded guilty in the criminal prosecution, that although in such a prosecution in assessing the punishment the courts would consider the fact that the person injured had recovered exemplary damages for the wrong done, that in the civil suit the damages to be recovered would be wholly uninfluenced by any punishment imposed in the criminal prosecution.

In *Wagner* v. *Gibbs*, 80 Miss. 53, 31 So. 434, 92 Am. St. Rep. 598, where it was urged that there was no evidence in the case to justify the infliction of punitive damages, it was said: "It does appear that after the assault was committed, appellant appeared before a magistrate and pleaded guilty to the offense, under an affidavit which charged that the assault and battery were committed, 'wilfully, maliciously, and unlawfully.' Appellant contends, however, that the conviction is only evidence of the conviction itself, and not of the substantive offense charged. The authorities cited by his

counsel, and the reasoning in support of their contention, do not apply where the party has pleaded 'guilty.' Such plea is an admission by him of a solemn character. Because of the want of mutuality, he is not estopped thereby, but it is competent evidence against him. It may not be evidence of each fact alleged in the indictment or affidavit—mere allegations of surplusage—but it is evidence of each and every element needed to constitute the offense admitted as a crime. In assault and battery it admits the malice because malice is implied by law in such case. * * * He may, because he is not estopped, defend by showing circumstances of excuse or justification, but in the case at bar no such effort was made. The case went to the jury on an assault and battery confessed, and no circumstances of excuse were even claimed to exist; and we hold that in such state of the action, it was competent for the jury to award punitive damages."

So, in the case in judgment, the plea of guilty, together with the evidence introduced in behalf of the plaintiff, are sufficient to show that the use of his knife by the plaintiff, under the circumstances, was entirely unnecessary for his own defense; that he was the aggressor in unnecessarily continuing the affray, and that the wounding of the plaintiff with his knife, under the circumstances, constituted a wanton and grievous assault, for which the jury might impose punitive damages.

[6] The defendant asked the court for six instructions, of which the court gave two, and the refusal to give the others is assigned as error. This assignment presents no new question, and calls for no extended discussion. In the two instructions which the court granted, the defense relied upon was fairly presented to the jury. The defense, so far as valid, was that the plaintiff used his knife in self-defense, because he was being at the time assaulted by the plaintiff. The jury were told that he was justified in resorting to such violence as the circumstances of the case

might require; that the force to be used in protecting his person might be in proportion to the attack made and the imminence of the danger as it appeared to him at the time of the attack, and that if he only used such force as appeared to him to be reasonably necessary to protect himself from great bodily harm, the plaintiff could not recover; that if he was assailed by more than one person, he might act with more promptness and resort to more forceful means to protect himself than where the assault was made by a single person; and that they should consider all the facts and circumstances actuating him in resorting to the force which he used. Every right of the defendant was fully protected by these instructions, and while the evidence in support of the defense was weak and inconclusive, hardly sufficient to sustain a verdict in his favor, still if the jury had disbelieved the evidence of the plaintiff and her witnesses, the instructions which were given clearly authorized such a finding.

[7-9] The defendant also appears to claim immunity upon the ground that the cutting was accidental, that he intended to cut the plaintiff's brother, and that she got in the way. It is not essential, however, in a civil suit for damages, that there be an intent to injure the particular person who is injured. *Reynolds* v. *Pierson*, 29 Ind. App. 273, 64 N. E. 484; 2 R. C. L. 530. It is clear that where one commits a wanton, reckless and dangerous act, which may result in injury to any one of a number of others, such as shooting into a crowd, he is guilty of assault and battery, though he has no specific intention to injure any particular person. *People* v. *Raher*, 92 Mich. 165, 52 N. W. 625, 31 Am. St. Rep. 575. It is correct to say that every person is liable for the direct, natural and probable consequence of his acts, and that every one doing an unlawful act is responsible for all of the consequential results of that act. So that, if two persons mutually engage in a duel in the

public streets, and a passer-by is hit, though unintentionally, both will be held guilty as principals.   2 Ruling Case Law, 530.

Upon the merits of the case the verdict is fully justified by the evidence, and we find no reversible error in the proceedings.

*Affirmed.*