In re Walter Calvin WHITE, Jr., Debtor.

**Ralph Edward DAVIS, Plaintiff,**

**v.**

**Walter Calvin WHITE, Jr., Defendant.**

Bankruptcy No. 80–01962–R.

Adv. No. 81–0038–R.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

March 9, 1982.

Gerald G. Lutkenhaus, Neighborhood Legal Aid Society, Inc., Richmond, Va., for plaintiff.

Harry M. Johnson, Jr., Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Complaint by Ralph Edward Davis, by counsel, to determine the dischargeability of a debt of the Defendant, Walter Calvin White, Jr., pursuant to 11 U.S.C. § 523(a)(6). After the filing of an answer by the Defendant a trial was held. Upon the foregoing the Court makes the following determination.

## STATEMENT OF THE FACTS

On September 10, 1977 Walter Calvin White, Jr. (White) shot Ralph Edward Davis (Davis) in the stomach with a handgun. White was arrested for the shooting and on November 29, 1978 the Circuit Court of the City of Richmond found him guilty of maiming Davis and sentenced him to serve five years in the state penitentiary. On February 26, 1980 Davis obtained a default judgment against White in the amount of

$50,000.00 in the Circuit Court for the City of Richmond on the ground that White willfully and maliciously wounded Davis. White subsequently filed his petition in bankruptcy and Davis now asks this Court to declare White's debt on account of that judgment nondischargeable in bankruptcy.

On the day of the shooting Davis and his brother, Marvin W. Davis, were washing cars in front of their mother's house on Fairmont Avenue in Richmond, Virginia. At the same time White, a neighbor who lives less than one block away on the same street, was having a conversation with William Tipton (Tipton). In that conversation White and Tipton continued an argument which had begun approximately one week earlier. White had obtained a gun in anticipation of seeing Tipton. White was carrying the pistol in a container on his motorcycle and pulled it out of the container during the course of that argument.

When White pulled the gun Tipton mounted his motorcycle and sped away. White shot at Tipton as Tipton passed within twenty-five feet of Davis. He missed Tipton and the bullet hit Davis in the stomach. White fled the scene.

White testified at the trial that he obtained the gun with the intent of scaring Tipton. He said that he drew the gun after Tipton insulted his mother but that he did not intentionally fire the gun. He claimed the gun went off when he tripped over a rock in the street.

Davis and White did not know each other before the shooting incident. White said he pulled the gun intending to scare Tipton and that it accidently fired. This Court believes that White's testimony that the gun accidentally fired when he tripped over a rock is unworthy of belief. White testified that he obtained the gun earlier that week with another meeting with Tipton in mind. Although Davis was located almost a full block from White, the bullet hit him as Tipton passed within twenty-five feet of him. White clearly intended to shoot Tipton; however, he missed and the bullet hit Davis instead.

## CONCLUSIONS OF LAW

■ A debt incurred from an action based upon a willful and malicious injury by the debtor to another person may be nondischargeable in bankruptcy.[1] 11 U.S.C. § 523(a)(6). The word "willful" means deliberate or intentional.[2]

■ It is clear under the Bankruptcy Reform Act of 1978 that "reckless disregard" is no longer sufficient to make a debt nondischargeable pursuant to this section. The debtor's action in creating this injury must be deliberate or intentional. *In re Bryson*, 3 B.R. 593, 596 (Bkrtcy.N.D.Ill.1980). Although White did intend to shoot Tipton it is clear he did not intend to shoot Davis. The language of the Act does not necessarily restrict the penalty of nondischargeability being imposed solely in cases in which the debtor injured the person he intended to injure. *Collier* provides that "[a]n injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill will. The word 'willful' means 'deliberate or intentional', a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious inju-

1. "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity ..." 11 U.S.C. § 523(a)(6).

2. Congress stated in the legislative history which accompanied this section that "[p]aragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 139 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R.Rep. 95–595, 95th Cong., 1st Sess., 365 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320–21.

ry." *Collier on Bankruptcy*, ¶ 523.16[1] (15th ed. 1981) (footnotes omitted).

■ White committed the wrongful act when he shot at Tipton. The act was intentional and it produced an injury although not to the person White intended to injure. White's actions cannot be excused solely because he missed his intended victim and instead hit someone else. The injury is not required to be directed against the victim, but includes any entity other than the intended victim.

■■ Under the doctrine of transferred intent one who intends a battery is liable for that battery when he unexpectedly hits a stranger instead of the intended victim. W. Prosser, *The Law of Torts*, 33 (4th ed. 1971). If one intentionally commits an assault or battery at another and by mistake strikes a third person, he is guilty of an assault and battery of the third person if "[d]efendant's intention, in such a case, is to strike an unlawful blow, to injure some person by his act, and it is not essential that the injury be to the one intended." *Morrow v. Flores*, 225 S.W.2d 621, 624, Tex.Civ.App. (1949), *rehearing denied* 1950.

Virginia courts have adopted the doctrine of transferred intent reasoning that "... every person is liable for the direct, natural and probable consequence of his acts, and that every one doing an unlawful act is responsible for all of the consequential results of that act." *Bannister v. Mitchell*, 127 Va. 578, 104 S.E. 800, 801 (1920). There need be no actual intent to injure the particular person who is injured. *Id.*

Likewise this shooting was done maliciously even though the assailant intended to wound another person. *Smith v. Moran*, 43 Ill.App.2d 373, 193 N.E.2d 466, 469 (1963). "... [I]t is common knowledge that when one person has a malicious intent against another and in carrying it out injures a third person, he is guilty of malice against the person he has injured; he has general malice ...." *Id., citing*, Coleridge, C. J., R. V. Latimer, 55 L.J.M.C. 136; 17 G.B.D. 359, 54 L.T. 768.

■ The evidence here clearly shows that the shooting was a wrongful act intentionally done and that Davis's injuries resulted from that act. White deliberately, intentionally and maliciously fired the gun and injured Davis and the debt resulting from that act is nondischargeable in bankruptcy.

White argues that the statute of limitations can be raised as a defense in this proceeding. He argues that Davis's tort action was not brought within the two-year statute of limitations period which is applicable under § 8.01–243 of the *Code of Virginia*. Davis obtained his judgment by default and White never argued the statute of limitations issue.

■ It is the duty of this Court to determine the dischargeability of a debt evidenced by the judgment of a non-bankruptcy court. *In re McKenna*, 4 B.R. 160, 162 (Bkrtcy.N.D.Ill.1980). The doctrine of *res judicata* provides that a judgment, even though obtained by default, is conclusive as to the cause of action upon which the suit was based. *Id.* The issue of liability in this case was settled by the Virginia court and this Court may deal only with the dischargeability of that debt. The running of the statute of limitations is irrelevant to this proceeding.

An appropriate order will issue.