# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Verden Peter Foret

v.

Kellogg, Brown and Root
Services et al.

Case No. CL07-357

Robert Duff

v.

Kellogg, Brown and Root
Services et al.

Case No. CL07-359

Tony Mullins

v.

Kellogg, Brown and Root
Services et al.

Case No. CL07-360

May 26, 2009

BY JUDGE MARJORIE A. T. ARRINGTON

This matter is before the Court on a number of motions; the Court ruled from the bench on certain motions and took others under advisement. Defendant Kellogg, Brown & Root's ("KBR") special plea in bar was sustained as to Plaintiff Duff. Defendants' motion craving oyer was granted, and argument on the demurrer to Count II was deferred until after the contract has been produced. The matters taken under advisement are the demurrer to counts III, IV, and V. The Court has considered the argument of counsel and reviewed the applicable case law and now stands ready to render its decision.

### Standard of Review upon a Demurrer

A demurrer "tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). To survive a demurrer, the "pleading must be made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603, 611, 268 S.E.2d 298, 302 (2006) (quoting *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967)). Rule 1:4(d) of the Rules of the Supreme Court of Virginia requires that "[e]very pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense."

In evaluating the pleading, the demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Taboada v. Daily Seven, Inc.*, 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006); *Harris v. Kreutzer*, 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006). The trial court may not evaluate the merits of the allegations, but must instead determine whether the facts alleged are sufficient so as to support a claim. *See Harris*, 271 Va. at 195–96, 624 S.E.2d at 24.

### Facts

Given the standard of review set forth above that requires taking all of the allegations in plaintiff's complaint as true, the following facts are relevant to the demurrer. The plaintiffs in each case were working on the St. Bride's Replacement facility ("facility"). On or about January 26, 2005, propane

escaped from the distribution system at the facility. On the date of the accident, an employee of a nonsuited party attempted to light a propane torch, causing a large explosion. Each of the Plaintiffs was injured as a result.

The plaintiffs subsequently filed this lawsuit alleging five causes of action including: (I) negligence, (II) breach of warranty, (III) strict liability, (IV) gross negligence, and (V) assault and battery.

## Arguments

Defendant KBR argues that it does not need to demur to count III because the count is not alleged against KBR. To the extent that the Court believes that count III is alleged against Defendant KBR, KBR demurs to that count and to count IV on the grounds that the construction project was not an abnormally dangerous activity. As counts III and IV are both based on the claim that the propane and HVAC activities were abnormally dangerous, Defendant KBR asserts that the facts alleged are insufficient. On count V, Defendant KBR demurs on the ground that the Plaintiffs failed to allege an intentional contact that was offensive or harmful. Defendant KBR requests that the demurrer be sustained and the claims dismissed with prejudice.

Defendant Bay Mechanical ("Bay") makes many of the same arguments as KBR. Bay argues that count III is insufficient in that it does not allege an abnormally dangerous activity upon which strict liability may be based. Bay argues that count IV is insufficient because the facts do not support a claim for gross negligence. Lastly, Bay demurs to count V on the ground that the facts as alleged do not state a cause of action for either of the intentional torts.

The Plaintiffs argue that the facts alleged are sufficient grounds upon which a claim can be based in a notice-pleading jurisdiction such as Virginia. Plaintiffs contend that the complaint has alleged that the Defendants were involved in an abnormally dangerous activity that gives rise to strict liability, that the Defendants have shown a reckless disregard for others constituting gross negligence, and that the propane explosion recklessly caused an assault and battery on the Plaintiffs.

## Discussion and Analysis

### A. Count III: Strict Liability

Virginia law allows for strict liability when an ultra-hazardous activity is involved. However, the Supreme Court of Virginia has taken a narrow view in determining what qualifies as an ultra-hazardous activity. The Court considered

the Restatement (Second) of Torts in determining whether an activity is abnormally dangerous. See *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 406, 368 S.E.2d 268, 282 (1988). The factors listed in the Restatement are the existence of a high degree of risk of some harm to the person, land, or chattels of others; a likelihood that the harm that results from it will be great; an inability to eliminate the risk by the exercise of reasonable care; the extent to which the activity is not a matter of common usage; the inappropriateness of the activity to the place where it is carried on; and the extent to which its value to the community is outweighed by its dangerous attributes. Restatement (Second) of Torts § 520 (1965). The Court, in *Philip Morris*, focused its examination of the factors on the ability to eliminate the risk by the exercise of reasonable care. The Court in that case found that the danger involved with the chemical pentaborane could have been eliminated by the use of reasonable care. 235 Va. at 406, 368 S.E.2d at 282.

In this case, the use of propane caused the accident. Propane is a gas that is frequently used as a source of fuel in commercial and residential structures. In this sense, it is a matter of common usage. Any risk of harm being caused by propane can be eliminated by using the proper safety precautions. Therefore, the use of propane is not an ultra-hazardous activity that allows for strict liability. The Court sustains the Defendants' demurrer as to count III.

## B. *Count IV: Gross Negligence*

The Plaintiff has also pleaded a claim for gross negligence against both of the Defendants. Gross negligence is defined as "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of the guest. It must be such a degree of negligence as would shock fair minded men although something less than willful recklessness." *Ferguson v. Ferguson*, 212 Va. 86, 92, 181 S.E.2d 648, 653 (1971). Such behavior is so egregious that it allows for recovery of punitive damages. *See, Philip Morris, Inc.*, 235 Va. at 40, 368 S.E.2d at 283.

In this case, the Plaintiffs claim that the Defendants were grossly negligent in failing to properly follow the safety precautions when working with a dangerous gas. The Plaintiffs argue that this showed a reckless disregard to the safety of others that is sufficient to meet the standard of gross negligence. However, gross negligence must be so extreme as to shock a fair minded person. Neglecting safety precautions, although dangerous and negligent, does not rise to the level of gross negligence. The Court sustains the Defendants' demurrers as to count IV.

C. *Count V: Assault and Battery*

Assault and battery are two separate and distinct torts with overlapping elements. *See Bowie v. Murphy*, 271 Va. 126, 136, 624 S.E.2d 74, 80 (2006). In order for an assault to occur, the Defendant must have intended to "cause either harmful or offensive contact with another person or apprehension of such contact . . . that creates in the other person's mind a reasonable apprehension of an imminent battery." *Koffman v. Garnett*, 265 Va. 12, 16–17, 574 S.E.2d 258, 261 (2003); *see Etherton v. Doe*, 268 Va. 209, 213, 597 S.E.2d 87, 89 (2004). In contrast, the tort of battery is an unwanted touching that is neither consented to, excused, nor justified. *Koffman*, 265 Va. at 16, 574 S.E.2d at 261; *see also Washburn v. Klara*, 263 Va. 586, 561 S.E.2d 682 (2002); *Woodbury v. Courtney*, 239 Va. 651, 391 S.E.2d 293 (1990).

In the cases at bar, the Plaintiffs allege that the propane explosion was a reckless act that caused an assault and battery upon the Plaintiffs. Although assault and battery are intentional torts, there are certain instances where reckless behavior rises to the level of intent. For example, when "one commits a wanton, reckless, and dangerous act, which may result in injury to any one of a number of others, such as shooting into a crowd, he is guilty of assault and battery, though he has no specific intention to injure any particular person." *See Bannister v. Mitchell*, 127 Va. 578, 584 104 S.E. 800, 801 (1920). The Plaintiffs argue that the propane explosion in this case was akin to shooting a gun into a crowd.

The Court finds that the Plaintiff has failed to allege facts upon which a claim for assault and battery caused by recklessness can be based; consequently, the Court sustains the Defendants' demurrer as to count V.

*Conclusion*

Accordingly, the Court rules that the demurrer is sustained as to counts III, IV, and V. As stated at the hearing, counsel for the Plaintiff is granted leave to amend the Complaint.